## Swan v. Bournes.

1. **Venue:** CHANGE OF: SUFFICIENCY OF AFFIDAVIT. An affidavit by a party to an action that he "cannot obtain justice" before the court named is sufficient to entitle him to a change of venue.

2. **Lien:** INN-KEEPER: EXEMPTION FROM EXECUTION. Property of a guest of a hotel is not exempt from the lien of its keeper by reason of the fact that it is property which would be exempt from general execution.

3. **Jurisdiction:** APPEAL FROM JUSTICE. Where a case is appealed from a justice's court and reversed, it is not then triable in the Circuit Court but should be remanded if an issue of fact remains for trial.

*Appeal from Butler District Court.*

SATURDAY, DECEMBER 15.

ACTION in replevin to recover a coat. The action was brought before a justice of the peace. The defendant answered that he had a lien upon the coat; that he was an innkeeper, and that plaintiff owed him ten dollars for his keeping while he was a guest at defendant's hotel, and that he had a lien for such keeping. The plaintiff filed a reply containing, *first*, a general denial, and, *second*, averring that he is the head of a family and that the coat is a part of his ordinary wearing apparel and is exempt. To the second count, setting up exemption, the defendant demurred and the demurrer was overruled. The defendant then moved for an order changing the place of trial. In support of his motion he offered to

make and file an affidavit. The paper which he proposed to swear to was in these words: "Now comes the defendant and moves the court for a change of venue, and for cause thereof shows the following, to wit: that he cannot obtain justice in said cause before George Smith, justice of the peace." To this paper the counsel for plaintiff objected, as informal and insufficient. and the justice refused to swear the defendant to the paper, to which refusal the defendant excepted. The justice proceeded with the trial and rendered judgment for the plaintiff. The defendant then removed the cause to the Circuit Court upon a writ of error, where it was heard and the judgment of the justice reversed. The Circuit Court also retained the cause for trial and rendered judgment for the defendant. The plaintiff appeals.

*J. H. Scales*, for appellant.

*W. N. Davidson* and *Wm. V. Allen*, for appellee.

ADAMS, J.—I. The appellant assigns as error that "the court erred in reversing the justice's ruling in ignoring the instrument for change of venue." We see nothing

1. VENUE: change of: sufficiency of affidavit.

to show that the judgment of the justice was reversed upon that point, but assuming that it was, we see no error in such reversal. The form presented for an affidavit we think was sufficient, and while the mere refusal to swear the defendant to it might not be sufficient ground for reversal, because it might have been sworn to before some other officer, yet as the refusal appears to have been placed upon the ground that the affidavit, if made, would be insufficient, we may treat it as made and consider the error as consisting in refusing a change upon such an affidavit. That is virtually what the ruling of the justice was. *Adams County v. The B. & M. R. R. Co.*, 44 Iowa, 335.

II. In reversing the judgment of the justice we will assume that the Circuit Court held that the coat was not exempt, and that the demurrer to the reply setting

2. LIEN: innkeeper: exemption from execution.

up the exemption should have been sustained. In this also we think the ruling of the Circuit Court

was correct. An inn-keeper's lien exists by common law, and we see nothing in the statute exempting certain property from execution to indicate an intention to abrogate the common law in this respect. The statute exempts only from general execution. It was never designed to prevent persons from giving a lien upon whatever property they see fit. Where a lien is given it may of course be enforced. Had the plaintiff given a chattel mortgage upon his coat to secure his hotel bill, no one would doubt the right of the defendant to foreclose it, notwithstanding the coat might have been a part of the plaintiff's ordinary wearing apparel. When the plaintiff became defendant's guest at his hotel he gave the defendant a lien upon his coat as effectually as if he had given him a mortgage upon it. The law implied that from the act of becoming the defendant's guest and taking his coat with him. The rule is too well established to require support from authorities. Besides it is obvious that without such a rule the business of hotel-keeping could not be done.

III. In retaining the cause for trial we think that the Circourt Court erred. This was doubtless done under the supposed authority of section 3603 of the Code. The section provides that "the Circuit Court may render final judgment or it may remand the cause to the justice for a new trial." But it will be observed that the statute does not provide that the Circuit Court may try the cause. It may render final judgment, but only, we think, in cases where no trial is necessary. In this case if the reply, instead of denying the allegations of the answer, to-wit: that plaintiff owed defendant ten dollars for boarding as a guest at his hotel, had admitted the same, there would have been, after the demurrer was sustained to the second count or division of the reply, no issue left to try and the Circuit Court should have rendered judgment. But, as the pleadings stood, there was an issue to try after the demurrer was sustained. The defendant had yet to prove that the plaintiff was indebted to him as a guest, etc. For the trial of this issue we think that the case should have been remanded. We infer that not only because the statute does not provide for the trial of the case by the Circuit Court,

3. JURISDIC-<br>tion: appeal<br>from justice.

but because we think that the object of the writ should be merely to remove the cause for the correction of error and the entry of final judgment where it can be done without a trial. Where the error complained of is merely one of law, it would seem, after the error is corrected, that the justice's court is the proper tribunal to re-try the case. The amount involved is oftentimes insufficient to justify the expense, either to litigants or the county, of a trial in the Circuit Court.

The defendant relies upon *Garvin v. Wells*, 8 Iowa, 286. But this case cannot be considered as authority upon the point, for it was not properly raised. In *Finch v. Hollinger*, p. 173, *ante*, it was held that the plaintiff's remedy was by appeal rather than by injunction, and nothing, therefore, was decided in that case contrary to the views here expressed. For error in retaining the case for trial the judgment of the Circuit Court must be

REVERSED.