R. L. CATHCART, APPELLANT, VS. J. W. TURNER, ET AL., SHERIFF, APPELLEES.

1. As between landlord and tenant the tenant cannot claim an exemption from levy and sale of the products of the land rented as against the claim for rent or for supplies furnished by the landlord to support the tenant and his family or to cultivate the land, the title of the tenant thereto being subordinate to the lien created by the statute.

2. An exemption of personal property from forced sale under legal process, to the extent of $1,000 in value, may be claimed under the Constitution, by a tenant entitled to claim exemption when his property is levied upon for the satisfaction of a claim for rent or supplies furnished by the landlord ; but such exemption cannot be claimed out of the products of the land rented where an express lien exists under the statute.

3. A suit in equity cannot be maintained under the law of 1881 against a sheriff to enjoin him from taking proceedings to appraise and set apart personal property levied upon which is wrongfully claimed by a debtor to be exempt from forced sale, unless the sheriff actually does or threatens to do some act upon such wrongful claim tending to the injury of the creditor.

Appeal from the Circuit Court for Alachua county. The facts of the case are stated in the opinion.

*Thrasher & Hampton* for Appellant.

*J. H. Goss* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

Appellant filed his bill against appellees in Alachua county, alleging that Miley is indebted to him in the sum of seven hundred dollars now due (September 20, 1881,) and unpaid for rent of land of Cathcart for the year 1881, and for supplies furnished to Miley by complainant; that complainant finding that Miley was fraudulently disposing of crops on the premises obtained a distress warrant to distrain the property of defendant for such rent and supplies; that before the officer reached the premises with the distress warrant defendant ran off a large quantity of his stock of cattle, &c., beyond the reach of the law, and fraudulently disposed of or secreted the same; that the officer found no property except the growing crop of cotton and some household goods which he seized and took possession of for the satisfaction of said debt; that the defendant, Miley, has applied to Turner, the sheriff, " for the setting apart of said property as exempt from forced sale under the Constitution and laws;" that the defendant, Miley, refuses to pay, but is seeking to avoid payment by such fraudulent removal of his property and secreting the same; that Miley is not entitled to the exemption of his crops grown on the place; that under the contract for rent between the parties all the crops grown on the place were to be appropriated to the payment of the rent and for supplies furnished by the complainant, and none of it was to be sold by him until the said rents and supplies were paid for. Said contract is annexed as an exhibit.

The prayer of the bill is that the sheriff be enjoined "from setting apart the said property distrained by him under a distress warrant against the defendant, W. F. Miley, and in favor of this complainant as exempt from forced sale," or doing any act to delay his proceedings at

law against the defendant, Miley.   A preliminary injunction was granted on filing the bill.

The answer of Miley denies the alleged indebtedness and sets up a contract made in January, 1881, by which he agreed to buy of complainant, and the complainant agreed to sell him the lands for $1,200, of which $500 was to be paid January 1, 1882, and $700 January 1, 1883, for which Miley gove camplainant his notes dated January 3, 1881, and at the same time complainant gave Miley a bond for title to the land, which contract has not been revoked ; and defendant further agreed to pay complainant $200 for supplies furnished him during the year, and which is payable January 1, 1882.   He further says that the agreement to secure the rent set out by complainant was not in fact made for any such purpose ; that he was requested by an agent of complainant to sign it, and the contract was not read to him but it was explained to him by the agent to be a security to complainant for $500 of the purchase-money and $200 supplies to be due January 1, 1882.   He denies the fraudulent disposition of his property as alleged. He admits that he has claimed the benefits of the exemption laws, and insists that he is entitled so to do.

The sheriff did not answer.   On filing the answer of Miley the Chancellor dissolved the injunction, and from this order the complainant appeals.

The foregoing is a brief abstract of the bill and answer. Our only excuse for stating so much of these pleadings is that we desire to call attention to the fact that a great portion of both bill and answer relates to matters utterly irrelevant to the object of the suit.

The only facts important to the complainant's case are that complainant had obtained a distress warrant and caused it to be levied upon the personal property of Miley liable to levy to satisfy a claim for rent, &c., due, and that

Miley was illegally or improperly claiming exemption of such property from levy and sale, and that the sheriff was proceeding illegally or improperly to release and set aside the property or some of it as so exempt.

The only facts necessary to be stated by defendants are such as to put in issue the pertinent allegations of the complaint. Whether he owes the rent, &c., for which the distress warrant was issued, whether it is yet due, whether he had fraudulently put his property out of the way, whether he was in fact a tenant or a purchaser, whether he had been fraudulently cajoled or induced into signing a paper that he had not intended to sign, &c., are not responsive to the case properly made by the bill, and are therefore liable to exception, as were the irrelevant parts of the bill the proper subjects of demurrer.

The only pertinent matters set up by this answer are that he has claimed the benefit of the exemption of property levied, and that he is entitled by law to have such claim allowed. All the other matters set out in the answer may be contested before the court from which the warrant of distraint was issued, or by bill to set aside the paper signed by the defendant, Miley, mortgaging the crops to pay rent as having been procured by fraud or other undue means.

A warrant may issue to distrain property for the payment of rent due, or for supplies furnished to a tenant for his support and to aid him in cultivating the rented land, when the same becomes due, and the warrant may be levied upon any property liable to levy and sale. And claims for rent and for such supplies are an express lien upon the products of the land. As to such products there can be no claim of exemption, because the very title of the tenant to such products is subordinate to the lien. See Ch. 3131, Laws of 1879; Ch. 3247, Laws of 1881, McClellan's Dig., 701, 703.

In the bill it is said the sheriff had seized under the warrant the crop of cotton growing on the place and some " household goods." As to these household goods of the defendant, Miley, if he is entitled to claim the benefit of any exemption of property " from forced sale on *any* process of law," he can lawfully claim them as exempt from distraint for rent or any other process of law under the terms of Section 1, Art. 9 of the Constitution, to the value, if not more, than one thousand dollars. That being the case, the sheriff should not be enjoined from making an inventory, causing an appraisal to be made, and allowing the debtor entitled to an exemption to select and to set apart any such personal property, within the constitutional limit as to value, upon which the lien does not exist. Secs. 7 and 8, Ch. 1715, Laws of 1869, McClellan's Dig., 533, §§17, 18.

Now, as to this proceeding in equity to restrain the sheriff, until the act of March 7, 1881, Ch. 3246, it could not be maintained. According to the third section of that act the Circuit Courts now have equity jurisdiction " to enjoin and restrain a sheriff or other officer from setting aside real or personal property as exempt from forced sale where the same is not exempt, and may adjudge and decree the vacation thereof, and annul all exemptions made and set aside by any sheriff or other officer when the same has been illegally and improperly made by any sheriff," &c.

In order to warrant the filing of a bill against a sheriff, and subject him to the expense and annoyance of a suit in chancery and a decree for the costs of suit, it must appear that he has done, or is about to do, something to the injury of the complainant, and that is improper or illegal. The only allegation of the bill in respect to the claim of exemption is that Miley " has applied to the sheriff for the setting apart of said property as exempt from forced sale

under the Constitution and the laws." The sheriff is charged with *nothing* of which appellant could complain. He is not charged even with an intention to take notice of defendant (Miley's) application.

Until some action is had by the sheriff tending toward illegality, impropriety or injury to the complainant, he is not to be annoyed with such a suit.

Our conclusion is that the bill does not show that Miley is not entitled to claim as exempt from sale the household goods levied on, and it does not show that the sheriff is doing, or threatening to do, anything of which appellant can complain.

The decree of the Chancellor dissolving the injunction is affirmed, and the bill must be dismissed.