MARY E. HODGES, APPELLANT, VS. A. G. COOKSEY, APPELLEE.

1. The relation of landlord and tenant existed between the parties appellant and appellee, as shown by the record in this case.

2. The constitutional exemption of personal property to the head of a family residing in this State can not be claimed by a tenant as against the lien for rent in favor of the landlord on any of the agricultural products raised on the land rented. The land in such a case is regarded as such a factor in the production of the crops as to subordinate the title of the tenant thereto to the superior lien given by statute for the use of the premises.

3. The statutory remedy for the enforcement of a claim for rent is embraced within the terms "any process of law," contained in the exemption article of the Constitution of 1868, and the personal property exemption secured by that instrument, other than agricultural products raised on the land rented, may be claimed by the head of a family residing in this State, as against the lien for rent given by statute in favor of the landlord.

Appeal from the Circuit Court for Bradford county.

The facts of the case are stated in the opinion of the court.

*King & King* for Appellant.

*Thos. E. Bugg* and *L. B. Rhodes* for Appellee.

MABRY, J.:

Appellee filed a bill in chancery against appellant and the sheriff of Bradford county to enjoin the sale of personal property levied on by virtue of a distress warrant to collect rent alleged to be due appellant. The injunction prayed for in the bill was granted, to continue in force until the further order of the court, and after answer filed a motion was made to dissolve the injunction on bill and answer. The motion to dissolve the injunction was overruled, and from this ruling the respondent, Mary E. Hodges, appealed.

The bill contains many allegations of matters of which a court of chancery has no jurisdiction, and we do not deem it necessary to set them out in this opinion. As no objection was made to the sufficiency of the pleadings, we will consider no allegations therein except those relating to appellee's right of exemption in and to the property seized under the distress proceedings. The theory of the bill is that the complainant, appellee here, is entitled to the constitutional exemption of one thousand dollar's worth of personal property out of the property seized under the distress warrant. Chapter 3246, laws of 1881, confers upon the Circuit Courts "equity jurisdiction to enjoin the sale of all property, real and personal, that is exempt from forced sale under the Constitution and laws of the State of

Florida," and such matters in the case before us as re-late to the claim and right of appellee to hold as ex-empt from such forced sale the property, or any part of it, levied on by the sheriff, come properly within the jurisdiction of the court of chancery.

The relation between appellant and appellee, as shown by the written contract between them, a copy of which is attached to the bill and not questioned by the answer, was, we think, that of landlord and ten-ant. The lease of the premises therein described was for five years, beginning on the first day of January, 1885, at a yearly rental of six hundred dollars, evidenced by five promissory notes, due respectively January first, 1886, January first, 1887, January first, 1888, January first, 1889, and January first, 1890, and the claim for rent alleged to be due under this lease on the 10th day of October, 1889, when the distress warrant was issued, was $1,446.22. The property levied on under the warrant consisted of horses, mules, cattle, hogs, wagons, cart, buggy and harness, farming implements, corn, fodder and cotton, gathered and un-gathered, a steam saw-mill and machinery attached, a grist-mill, cotton gins and a cotton press, a lot of sawed lumber and a stock of merchandise consisting of dry goods, groceries and medicines. All of the property levied upon was found on the leased premises except about thirty-three head of cattle, one wagon and one cart, and this part of the property was found on another place. Appellee was the head of a family residing in this State, and claims that he is entitled to hold one thousand dollars' worth of the property levied on exempt from sale under the distress proceed-ings, and this is the only question we need consider in determining the correctness of the court's ruling in refusing to dissolve the injunction.

Claims for rent under Section one, Chapter 3131, acts
of 1879, are declared to be a lien an all agricultural
products raised on the land rented superior to all other
liens and claims though of older date, and also a lien
on all other property of the lessee or his sub-lessee or
assigns usually kept on the premises superior to any
lien acquired subsequent to such property having been
brought on the premises leased. The distress warrant
may be levied on any property of the tenant liable for
the rent whether it be found on or off the leased prem-
ises, and in whosesoever possession found, but the
lien of the warrant on property not mentioned in the
first section of said act dates from the day upon which
the levy is made. Chapter 3247, acts of 1881, gave the
landlord a lien on the crops grown on the rented land
for rent for the current year, and also for advances
made for the sustenance or well-being of the tenant or
his family, for preparing the ground for cultivation, or
for cultivating, gathering, saving, handling or prepar-
ing the crop for market. This act gave a further lien
on articles advanced and on property purchased with
money advanced, which need not be considered in this
case. We regard it as settled in this State that the
constitutional exemption of personal property can not
be claimed as against the lien for rent on the agricul-
tural products raised on the land rented. Cathcart vs.
Turner, 18 Fla., 837; Blanchard & Burrus vs. Raines,
20 Fla., 467. There are many decisions sustaining the
view taken by this court in the cases mentioned. The
land rented is regarded as such a factor in the produc-
tion of the crops as to subordinate the title of the
tenant thereto to the superior or paramount lien for
the use and occupation of the land. As expressed in
Cathcart vs. Turner: "As to such products there can
be no claim of exemption, because the very title of the

tenant to such products is subordinate to the lien."
Slaughter vs. Winfrey, 85 N. C., 159. The lien
given by the act of 1879, *supra*, is on the agri-
cultural products raised on the land rented, and
no reference is made to the crop of any year during
the lease being bound only for the rent of that year.
By this act the lien for rent is a charge as between
landlord and tenant upon any of the agricultural pro-
ducts raised on the rented premises during the pend-
ency of the lease. Whether the lien for rent on the
other property of the tenant usually kept on the prem-
ises, and found either on or off the same, is superior to
the claim of exemption from forced sale under the
Constitution, presents another question. In the ab-
sence of any right to the exemption provided for in
the Constitution, it is entirely clear that the act of
1879 gives a lien on all the property other than agri-
cultural products of the lessee or his sub-lessee or as-
signs usually kept on the premises superior to liens ac-
quired subsequent to the carrying of such property on
the premises leased. Jones vs. Fox, 23 Fla., 454, 2
South. Rep., 700; Fox vs. Jones, 26 Fla., 276, 8 South.
Rep., 449.

It is contended by counsel for appellee that the right
to claim the constitutional exemption as against a de-
mand for rent has been decided by this court in the
case of Cathcart vs. Turner. A careful examination
of that case will show that it can not be regarded as a
direct adjudication of the point. It is true that in that
case the distress warrant was levied upon agricultural
products, and also on some "household goods," and as
to the household goods the opinion says that the claim-
ant, "if he is entitled to claim the benefit of any ex-
emption of property 'from forced sale on any process
of law' he can lawfully claim them as exempt from

distraint for rent or any other process of law under the terms of Section 1, Article IX of the Constitution, to the value, if not more, than one thousand dollars.'' The statement of the case shows that Cathcart, the landlord, had a special contract for rent by which all the crops grown on the place were to be appropriated to the payment of the rent and for supplies furnished, and that none of the crops were to be sold by the tenant until the rents and supplies were paid for. This contract is referred to in one place in the opinion as being a paper mortgaging the crops to pay the rent. As we understand the facts of that case the landlord had taken a specific lien by contract on the agricultural products alone to secure his rent and supplies, and that he was insisting on that lien in his bill to enjoin the sheriff and the tenant from allowing a claim of exemptions. The further statement in reference to the household goods, that the sheriff should not be enjoined from allowing the debtor entitled to the exemption to select personal property within the constitutional limit as to value upon which the lien did not exist, indicates that such goods in the case then before the court were regarded as not being subject to the lien relied upon in the bill. Counsel for appellant insist that the case of Blanchard & Burrus vs. Raines is an authority against the right of the tenant to claim an exemption as against a demand for rent. We do not understand that the claim of exemption was presented in that case. An affidavit based upon a claim for rent and supplies furnished was made and the warrant issued thereon levied upon agricultural products and horses, and the question presented to the court arose on a motion to quash the distress warrant on the grounds that the affidavit was not sufficient, and that the writ was void because it was not made returnable on a rule

day, and no service of it on any one was required. The principal point considered in the case is whether the procedure provided by the statute for the collection of rent by warrant of distress was in conflict with the constitutional provisions securing the right of trial by jury, and providing that no person shall be deprived of his property without due process of law. The common law proceeding by warrant of distress is referred to and it is said that "our statute adopts the common law right of distress for rent, but requires the landlord to make oath to the amount due. It has further provided that the landlord shall have a like lien upon crops for the price or value of supplies and advances made by him, or under his order, to the tenant, to enable him to make and harvest his crops. The contract of leasing is made under these conditions imposed by the statute, and of course the statute enters into and forms part of the contract, regulating and limiting the rights and duties of each party. This statute, as before remarked, makes the rent and advances a specific lien upon the property mentioned, and thereby the landlord has a right of property in the crops, etc., which he is by the act authorized to foreclose by seizure and sale in the manner prescribed." The court was speaking, it must be remembered, with reference to the necessity of notice and a trial by jury before the seizure of property under a distress warrant, and not as to the right of a tenant who was entitled to the benefit of exemptions to shield a part of his property other than agricultural products to the value of one thousand dollars from sale under such proceedings. The contract of lease in the case before us arose under the Constitution of 1868, and the homestead article in that instrument provided that certain real

estate together with one thousand dollars' worth of personal property "shall be exempt from forced sale under any process of law." It is clear, we think, that the statutory remedy for the enforcement of a claim for rent is embraced within the terms "any process of law." At common law the landlord could himself distrain for rent or employ a bailiff or servant to do so for him, but under our statute he must make an affidavit setting forth his right to distrain and the amount due, and procure the issuance of a warrant to be levied by designated officers. Clearly the proceeding authorized under the distress warrant is a process of law. Smoot vs. Strauss, 21 Fla., 611. By entering into a lease of land we can readily see how it is that a tenant voluntarily subjects himself to the remedies provided by law for the collection of rent due by the terms of the lease to the extent that his property is liable to be taken in satisfaction of such claim. To this extent the decision in Blanchard & Burrus vs. Raines went, but we do not understand that it was there decided that by entering into a mere rental contract the tenant waived his right of exemption under the Constitution. It is conceded of course that the party entitled to such exemption can waive it, and it is contended here that by entering into a lease of appellant's land appellee has consented to the sale of his property to satisfy the lien given by statute for the rent, and can not claim any exemption as against such claim. While the lease in this case contains conditions to be performed by both lessor and lessee, there is no stipulation in it for a lien on any property to secure the rent agreed to be paid. It was decided in Patterson vs. Taylor, 15 Fla., 336, that the exemption from forced sale under the Constitution was expressly waived by voluntarily executing a mortgage

·on specific property, and the mortgagor was estopped from asserting his exemption as to such property in the face of such a contract. A waiver of any benefit of the exemption laws, or an agreement that all the debtor's property shall be subject to levy and sale, ·contained in a promissory note, was held, in Carter's Admrs. vs. Carter, 20 Fla., 558, to be inoperative as against the policy of the exemption laws. It is said in this case that "the object of exemption laws is to protect people of limited means and their families in the enjoyment of such property as may be necessary to prevent absolute pauperism and want, and against the consequence of ill-advised promises which their lack of judgment and discretion may have led them to make, or which they may have been induced to enter into by the persuasions of others." It was decided in Baker vs. State, 17 Fla., 406, that the real estate exemption of a party who had enjoyed the same accrued to his heirs notwithstanding the deceased head of the family had not resorted to the statutory method of defining and placing on record the description of the property he intended should constitute his homestead. It can not be said that the property of the tenant carried on the leased premises or left off is the immediate product of the soil leased, nor does the tenant acquire the title to such property as a result of the tenancy and in subordination to the lien of the statute. If the Legislature can declare a lien in favor of the landlord for his rent on all the property of his tenant other than agricultural products, and it follows that by entering into the rental contract alone the tenant thereby pledges his property to pay such claim and waives his constitutional right of exemption therein, then it seems to us that the Legislature can by providing similar liens to secure the payment of other debts avoid and

annul not only the policy but the plain provisions of the Constitution on the subject of exemptions. Food and raiment are as essential to life as a habitation and shelter, and we might find insurmountable difficulty in discriminating against the lien for one class of demands in favor of the other. The claim for rent was highly favored at the common law, but we are unable to discover any purpose in the Constitution to except this demand from those against which the exemptions provided for may be claimed. The Constitution exempts to the person entitled thereto one thousand dollars' worth of personal property from forced sale under any process of law, and the Legislature can not indirectly deprive him of such right any more than it can directly do it.

The appellee on the showing made was entitled to his personal property exemption to the limit of one thousand dollars' worth in the personal property other than agricultural products levied upon by the sheriff, and the court did not err in refusing to dissolve the injunction restraining the sale until the further order of the court adjudicating such exemption right. This is the only question arising on the appeal involving the correctness of the order refusing to dissolve the injunction, and the decree of the court below must be affirmed. Ordered accordingly.