# DECISIONS

—— OF THE ——

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, A. D. 1895.

EDWARD H. SCHOFIELD, APPELLANT, vs. JULIUS H. LIODY, APPELLEE.

A person who is entitled under the Constitution and laws of this State to an exemption of property from forced sale under any process of any court can claim such exemption, as against a distress warrant for rent, out of any property other than agricultural products grown upon the land rented.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*J. W. Archibald*, for Appellant.

*Cooper & Cooper*, for Appellee.

LIDDON, J. :

The appellee (complainant below) sued out a distress warrant against appellant (defendant below) for rent due upon a store building in the city of Jacksonville. The writ was levied upon what appears in the return to be a lot of household furniture, lots of merchandise, and store furniture and fixtures. The defendant, being the head of a family residing in this State,

claimed the benefit of the provisions of the Constitution and laws of this State, and that said property was exempt from sale under said writ. The complainant filed a bill to enjoin the setting apart any portion of the property to the defendant as exempt. The court granted a temporary injunction, from which the defendant appealed.

Both parties agree that the only question before us is whether a person entitled under our Constitution and laws to an exemption of property from forced sale can claim such exemption out of property not the product of the soil rented, but other property usually kept upon the premises. Since this case was submitted this court has determined the question in the case of Hodges vs. Cooksey, 33 Fla., 715, 15 South. Rep. 549, under the Constitution of 1868. There is no practical difference between the Constitution of 1868 and that of 1885, under which the present case arose, affecting the question. Therefore, following the case of Hodges vs. Cooksey, *supra*, we hold that the defendant was entitled to the benefit of the exemption claimed by him out of the property levied upon by virtue of the distress warrant in this case.

The decree of the Circuit Court is reversed, with directions that the bill of complaint be dismissed.