(11 Misc. Rep. 171.)

### THORN v. WHITBECK.

#### (Greene County Court. January, 1895.)

1. BOARDING-HOUSE KEEPER—LIEN—EXEMPTED PROPERTY.
   The fact that property is exempt from execution does not exempt it from the lien of a boarding-house keeper.
2. APPEAL—OBJECTIONS NOT RAISED BELOW.
   A party who consents to the form of verdict at the trial cannot object on appeal that it should have been different.
3. REPLEVIN—FORM OF VERDICT IN JUSTICE COURT.
   Code Civ. Proc. § 1727, relating to the form of verdict, is not made applicable to justice courts by section 2931.

Appeal from justice court.

Action by Minnie Thorn against Adaline Whitbeck. A judgment was rendered in favor of defendant, and plaintiff appeals. Affirmed.

A. C. Griswold, for appellant.

C. H. Porter (E. A. Chase, of counsel), for respondent.

SANDERSON, J. The facts conceded or proved in this case show that the defendant kept a boarding house at Cairo, Greene

county; that the plaintiff boarded at defendant's house from June 3, 1893, to January 9, 1894, for the price of $4 per week, no part of which account has been paid; that one Augustus Kastendyck, who is a half-brother of the plaintiff, boarded at the same place from August 25, 1893, to January 10, 1894, at the price of $4 per week, on which account $32 has been paid, leaving a balance of $46 unpaid; that on the 2d day of January, 1894, the defendant, believing that the plaintiff and her half-brother were about to remove their personal effects and leave her house without paying for their board, seized these effects, consisting mostly of wearing apparel, then being in her house, claiming that she had a lien on them for their board. Subsequently Kastendyck assigned to the plaintiff all his right and title to the goods belonging to him that had been seized by the defendant, together with any cause of action which he had against her for such seizure. This action was brought by the plaintiff to recover the possession of the above-mentioned personal property. In the affidavit of plaintiff, made for the purpose of procuring a requisition, it is stated that the defendant claims to hold the above-mentioned chattels for a pretended board bill. In her answer the defendant alleges that she is a boarding-house keeper; that the plaintiff is indebted to her in the sum of $175 for board; that she has a legal lien on the baggage and goods of the plaintiff for said sum, and that she seized them by virtue of this lien. She also demands that they be returned to her possession. The trial was had before J. Burr Hall, Esq., a justice of the peace of the town of Cairo, and a jury. The jury brought in a verdict that the defendant is entitled to the possession of the chattels in dispute, and that the value thereof was $120. The return of the justice states that the form of the verdict was written by the court and handed to the jury before they went out by consent of the counsel. The justice rendered judgment that the defendant recover of the plaintiff the property replevied, describing it, or the sum of $120 in case delivery cannot be had, and also the costs of the action, $9.45, amounting in all to $129.45.

It is claimed by the appellant that there is error in the verdict and judgment; that as the plaintiff is the general owner of the chattels, and the defendant had only a special property therein, the verdict should have awarded to the defendant a fixed sum, amounting to her bill for board, representing her interest in these chattels, and, if it is not collected, the delivery of the chattels. Code Civ. Proc. §§ 1727, 1730. No objection was raised on the trial to the form of the verdict, nor was any question made that it was different from what had been agreed upon. The above-mentioned sections relate to actions in courts of record, and unless provision is made therefor would not apply to justices' courts. Section 2931 provides that section 1373, section 1731, excluding subdivision 1 thereof, and sections 1722, 1726, 1730, 1732–1735, apply to the proceedings in an action in a justice's court to recover a chattel. Section 1727 provides, among other things, that the value of the chattel shall not be fixed where the defendant has only a special property in the chattel replevied and the value of the chattel is greater than the value

of the special property or the sum charged upon the property by reason thereof, in which case the value of the special property or the sum so charged must be fixed. This section, however, is not included among those made applicable to justices' courts.

Moreover, subdivision 1 of section 1731, which prescribes the form of an execution in a case specified in section 1727, is also not applicable to justices' courts. Section 3019 provides for a transcript to be made of a justice's judgment which has been rendered for the recovery of a chattel, or for the value thereof, in case a return thereof cannot be had; but makes no provision for a transcript of the peculiar form of judgment obtained under section 1727. It seems to me obvious that the legislature did not intend to make the last-mentioned section applicable to justices' courts, but left the practice upon this class of cases the same as it always had been. If section 1727 does not apply to justices' courts, the reference to that section in section 1730 is also nugatory, so far as these courts are concerned. This is also the view taken of it by both Bliss and Throop in their notes to the Code.

It is not necessary, however, that section 1727 should apply to justices' courts in order to assimilate judgments recovered in such courts to those recovered in courts of record for the possession of personal property, where the interest of the successful party is special. Under the provisions of the Revised Statutes it was the settled doctrine that where the interest of the party entitled to the possession is limited or less than the actual value of the property replevied, the value of the property, as against the actual owner, should be assessed only at a sum which would be equivalent to this limited interest. Rhoads v. Woods, 41 Barb. 471, 476; Russell v. Butterfield, 21 Wend. 300, 303. The form of the verdict and judgment remained the same as in cases where the interest of the successful party was absolute, but the value of the goods was the value of the lienholder's special property. The Code intended that this practice should be continued in justices' courts, and does not require of them the more complicated course pointed out in section 1727. The counsel for the plaintiff gave his consent to the form of verdict rendered, and should not now on appeal be allowed to object for the first time that it should have been different. See upon this last point Van Rensselaer v. Mould, 77 Hun, 553, 28 N. Y. Supp. 901; Bradner v. Howard, 14 Hun, 420.

It only remains to be seen whether the verdict and judgment do not conform to the practice above pointed out. Section 1727 only applies where the value of the chattel is greater than the value of the special property. It must be assumed, for the purposes of this appeal, that the plaintiff was living at defendant's under an obligation to pay for her board. The plaintiff came to defendant's house on the 3d day of June, 1893, and remained there until January 10, 1894, a period of 31 weeks and 2 days, for which she was to pay $4 per week. This would amount to at least $124. Kastendyck boarded at the same place from August 25, 1893, to January 10, 1894, a period of 19½ weeks, at $4 per week. This would amount to $78, from which is to be deducted a payment of $32, leaving a balance

due from him of $46. In all the defendant's interest in the property replevied amounted to $170. With this agrees the testimony of John H. Whitbeck, who says that he heard witness Simpkins tell the plaintiff that she owed the defendant about $170,—a sum which is far in excess of the value of the property that had been replevied. For the purpose of sustaining the judgment, we have the right, in view of the evidence, to assume that the jury found that defendant's interest in the property was greater than its value. The plaintiff was not injured by the form of the verdict and judgment rendered, and suffered no injustice thereby.

The defendant contends that the goods in question, or some of them, are exempt from levy and sale on execution, and that, therefore, the defendant had no lien on them for board. It is immaterial whether these goods, or any of them, were exempt from levy and sale on execution or not. A lien may exist either by express contract or by operation of law on personal property that is exempt from a levy under an execution. The rule is that the lien of an innkeeper, which is identical with that of a boarding-house keeper, extends to property of the guest which is exempt from execution, such as a coat, for whose recovery replevin is brought against the innkeeper. 11 Am. & Eng. Enc. Law, 39; Swan v. Bournes, 47 Iowa, 501.

It is further contended by plaintiff that the defendant had no right to prove her claim against Kastendyck for board, for the reason that no such defense was set up in the answer. The plaintiff states in her affidavit for a requisition that the defendant claims to hold the property for an alleged board bill. She could not, therefore, have been surprised at the defense made on the trial. Defendant's answer in substance alleges that she had a legal lien on the baggage and goods of the plaintiff for $175 as boarding-house keeper. This amount must include the claim for Kastendyck's board. The direction of the Code is that any error or defect in the pleadings which does not affect the substantial rights of the adverse party must be disregarded. Code, § 723. No rights, substantial or otherwise, are affected by disregarding this defect, if it exists, in the answer. Besides, this would be a proper case to amend, even on appeal, if it is necessary to do so in order to sustain the judgment. Harris v. Tumbridge, 83 N. Y. 92, 97.

Plaintiff objects to the evidence of the defendant that the plaintiff boarded with her three years prior to 1893. In the conflict of testimony as to whether plaintiff was a boarder or an invited guest, this evidence would be a circumstance bearing upon this question. Even if it were not so, the testimony is immaterial, and it would not be in the interest of justice to reverse the judgment upon this ground. The introduction of evidence as to the consideration paid by the plaintiff to Kastendyck for an assignment of his right of action against the defendant is immaterial, and does not affect the merits. This evidence only relates to that portion of the goods which belonged to Kastendyck, and does not in any way affect the right of the plaintiff to the goods which had been taken from her. The verdict of the jury was in favor of the defendant for the recov-

ery of the possession of all the goods which had been seized by her.    This shows that the jury were not influenced by this immaterial testimony.    The lien of the defendant on the goods of Kastendyck was established beyond controversy.

The question put to the defendant as to her charge per week for boarders other than plaintiff and Kastendyck merely bore upon the worth of plaintiff's board.   The jury might arrive at the conclusion that the price of plaintiff's board per week had not been agreed upon; they might then take this evidence into consideration in determining what plaintiff's board was really worth.    In view of the evidence, this testimony was at least harmless.    The question put to witness Lasher by plaintiff's counsel, whether he had not frequently taken the defendant out riding nights, was clearly within the discretion of the trial court.    These are substantially all the grounds urged by the appellant for a reversal of the judgment.   As all intendments should be taken in favor of sustaining the judgment, and no errors of importance occurred on the trial, justice will be better administered by affirming this judgment than by any other disposition that can be made of it.    Judgment affirmed.