A. B. Johnson v. Winn & Lovett Grocery Company;
J. E. Baker, Inc., a Corporation, and J. E. Baker.

171 So. 297.
Division B.
Opinion Filed December 10, 1936.

*Dykes & Cox,* for Appellant;
*Giles & Gurney,* for Appellees.

Terrell, J.—Appellee, Winn & Lovett Grocery Company, a corporation, the operator of a series of stores in Orlando, leased space therein to J. E. Baker, Inc., for the purpose of conducting meat markets. J. E. Baker, Inc., got in arrears on rent and Winn & Lovett Grocery Company instituted a distress proceeding pursuant to Section 5398, Compiled General Laws of 1927, to recover the amount due. Writ of possession was issued and the sheriff levied on the

meat market fixtures of the defendant a portion of which were held under conditional sales contract with title reserved in the vendor.

Just before the distress action was brought, through the agency of J. E. Baker, the interest of the vendor under the conditional sales contract was assigned to appellant, A. B. Johnson, and prior to the levy under the writ of possession J. E. Baker, Inc., assigned and transferred the property levied on to A. B. Johnson, who brought an action in replevin to acquire possession of it.

At this stage in the proceeding Winn & Lovett Grocery Company filed its bill of complaint in the Circuit Court in which it prayed that defendants be restrained from instituting or prosecuting any proceeding to secure possession of the property of J. E. Baker, Inc., in the hands of the sheriff, that an accounting and discovery be had to ascertain the indebtedness owing by J. E. Baker, Inc., to A. B. Johnson under the conditional sales contract, and that a receiver be appointed to take charge of the property pending the disposition of the cause.

The temporary restraining order was granted, the defendant, A. B. Johnson, moved to dismiss the bill of complaint and to strike paragraphs five, six, and eight thereof. Both the latter motions were overruled and this appeal is from that decree.

We are required to answer the question of whether or not Winn & Lovett may pay the balance due on the conditional sales contract held by Johnson against J. E. Baker, Inc., and subject the property described therein to the payment of rents due it (Winn & Lovett Grocery Company) by J. E. Baker, Inc.

Johnson contends that he became entitled to possession of the property by transfer from J. E. Baker, Inc., before

the bill of complaint was filed and should not now be required to release it for the balance due thereon because, the bill of complaint not having been filed when he acquired possession, the property was not subject to the Winn & Lovett rental lien.

Section 5420, Compiled General Laws of 1927 fixes the status of the property involved and is as follows:

"Every person to whom rent may be due, his heirs, executors, administrators, or assigns, shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person as follows:

"1. Upon agricultural products raised on the land leased or rented for the current year. This lien shall be superior to all other liens, though of older date.

"2. Upon all other property of the lessee or his sub-lessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of such property on the premises leased.

"3. Upon all other property of the defendant. This lien shall date from the levy of the distress warrant hereinafter provided for."

The effect of this statute is to give the lessor a lien for non-payment of rent on any property on or off the premises belonging to or held by the lessee, his sub-lessee, or assigns, such lien to date from the levy of the distress warrant provided for.

The contract brought in question is within the terms of the statute. The fact that the property was conveyed to Johnson before the bill of complaint was filed should not be permittted to defeat appellee's claim. The bill alleges the belief of complainant that the sale to Johnson was collusive

for the purpose of depriving the plaintiff of the right to subject the property to its lien and that Johnson is nothing more than a conduit on behalf of J. E. Baker, Inc.

The bill further alleges that complainant is ignorant of any amount due on the conditional sales contract, but believes that if any amount is due thereon it does not exceed two hundred dollars and tenders that amount into the registry of the court and says the amount due on said contract is much less than the value of the property. Complainant offers to pay all costs and attorneys' fees due to date.

The law is well settled that the complainant had a right to tender the amount due on the conditional sales contract and subject the property described therein to the payment of his rents. Bingham v. Vandegrift, 93 Ala. 283, 9 So. 280; Woodruff v. M. G. McDonald Furniture Co., 96 Ga. 86, 23 S. E. 195; Morris v. Allen, 17 Cal. App. 684, 121 Pac. 690; Tufts v. Cleveland (Tex. Sup. Ct.) 3 S. W. 288; Nevada Motor Co. v. Bream, 51 Nev. 89, 269 Pac. 602; Hervey v. Diamond, 67 N. H. 342, 39 Atl. 331; Coffin v. Northwestern Mutual Fire Ass'n, 43 Idaho 1, 249 Pac. 89. Appellee was warranted in going into a court of equity because the property involved being held under conditional sales contract, the interest of J. E. Baker, Inc., was equitable and could not be reached by execution at law. Equity will also take jurisdiction in cases of accounting, destruction, or when the holder seeks to defeat the lessor's claim by transfer or seclusion of the property.

Affirmed.

Ellis, P. J., and Buford, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.