**ELMER A. HOWARD and MAE HOWARD, his wife, v. V. L. CALHOUN**
21 So. (2nd) 361                                        January Term, 1945
March 9, 1945                                                    En Banc
Rehearing denied March 29, 1945

*Edwin R. Dickenson,* for petitioners.

*Paul Pinkerton,* for respondent.

BROWN, J.:

We doubt if the constitutional question is squarely presented by the facts in this case, which are set forth in the concurring opinion of Mr. Chief Justice CHAPMAN.

Section 1 of Article X provides that one thousand dollars worth of personal property "shall be exempt from forced sale under process of any court." The landlord had not attempted to obtain the forced sale of the property under legal process of any kind when the tenant brought replevin to secure possession of the property.

Under Section 85.19, F.S. 1941, the apartment owner was given a lien on the personal property involved in this case as soon as it was placed in the apartment house, which

lien was to continue until "the amount payable for such occupancy," shall have been fully paid. And Section 85.20 makes it unlawful for the tenant to remove the property until the amount due the landlord has been fully paid.

Section 86.02 gave the landlord the right to retain possession of the personal property for a period not exceeding three months, as a means for the enforcement of the lien for rent.

Up to the time the tenant brought the replevin action, the landlord had not resorted to any forced sale under legal process, nor had he attempted to do so. Therefore Section 1 of Art. X was not violated by the landlord.

If however, it were necessary for us to rule upon the constitutional question, we might well consider the fact that, in so far as Article X of the Constitution is concerned, the tenant could have given a lien on this property at any time, by a mortgage or otherwise, if he saw fit. We have long recognized that property exempt under Article X of the Constitution, whether real property or personal property, can be sold or mortgaged by the owner, whether he be a tenant or not, just as any other property. The question arises, if the tenant can voluntarily place a lien on his exempt property by mortgage, can he also do so by voluntarily moving it into his rented house or apartment, he being charged with knowledge of the fact that when a tenant moves furniture or other personal effects into a rented apartment, the law automatically attaches a lien thereto. If he voluntarily does this, does he not waive his right to claim any exemption as against the lien for the payment of the rent? This exact question does not appear to have been considered by our court.

In Hodges v. Cooksey, 33 Fla. 715, 15 So. 549, and Schofield v. Liody, 35 Fla. 1, 16 So. 780, the landlord in each case had resorted to the use of legal process to enforce his lien for rent. Here the tenant, not the landlord, has resorted to legal process, within the three months period allowed the landlord for the retention of the property, to take from the landlord's premises personal property which had been made subject to the landlord's lien by the action of the tenant himself.

For these reasons the writ of certiorari is granted and the judgment of the Circuit Court of Hillsborough County reversing the order of the County Court of that County is hereby quashed, and the cause remanded for the entry by the circuit court of an appropriate judgment not inconsistent with the foregoing opinion.

CHAPMAN, C. J., concurs specially.

TERRELL, THOMAS and SEBRING, JJ., concur.

BUFORD and ADAMS, JJ., dissent.

CHAPMAN, C. J., concurring specially:

It has been made to appear by petition for a common law writ of certiorari that Elmer A. Howard and wife, Mae Howard, were, during the months of August, September, October and November, 1942, owners of Howard Apartments situated in the City of Tampa and were licensed by the Florida Hotel Commission to operate the same. On August 15, 1942, they rented an apartment to V. C. Calhoun, who with his family resided therein until the last week in November, 1942, when he removed from the apartment without payment of past due rents.

The record discloses that V. L. Calhoun, during the period of occupancy, *supra,* took into the apartment various articles of furniture which were not removed therefrom by him when he left the apartment the latter part of November, 1942. The furniture was left with his landlords, Elmer A. Howard, and wife, Mae Howard. On January 20, 1943, less than three months after removing from the apartment, V. L. Calhoun brought an action of replevin for the possession of the various articles of furniture against his landlords in the County Court of Hillsborough County, Florida.

The trial had resulted in a verdict and judgment for the landlords and pertinent portions of the judgment entered are viz:

". . . and the testimony having been taken before the Court and the case having been fully argued by counsel for the plaintiff and defendants, and the Court being fully advised in the premises, the Court thereupon finds a verdict

in favor of the defendant, and that the defendants at the time of the levy of writ of replevin in said cause had and held a lien against the property levied upon under the writ of replevin, to-wit: . . . , as alleged in the pleadings of the defendants were . and are entitled to possession of the said described goods and chattels of the plaintiff, and to hold the same until the said lien should be paid and discharged in full, and that the amount due by the plaintiff to the defendants on account of said lien is the sum of $46.50, and the defendants are entitled to a judgment against the plaintiff and the surety upon his bond for the amount of the said special interest and lien of the defendants, and the Court further finds and renders verdict accordingly, that the defendants are not guilty of conversion of any of the property of the plaintiff. . . ."

V. L. Calhoun, the tenant and plaintiff in the replevin suit, appealed from the judgment of the County Court of Hillsborough County, Florida, to the circuit court. The circuit court held that the property described in the replevin suit was exempt from forced sale under Section 1 of Article X of the Florida Constitution and the tenant, Calhoun, was entitled to the possession of the property and accordingly entered an order of reversal under date of November 27, 1944. In a petition for a common law writ of certiorari it is here contended that the order of reversal entered by the circuit court supra is a departure from the essential requirements of the law and should be quashed. Counsel for petitioners cite Midland Motor Car Co. v. Willys-Overland, Inc., 101 Fla. 837, 132 So. 692, and Ulsch v. Mountain City Mill Co., 103 Fla. 932, 138 So. 483, as authority for the remedy by them here pursued.

An answer to the following question should be decisive of this controversy: Where a tenant, the head of a family residing in the State of Florida, rents an apartment and moves his family and furniture thereto, and some three or four months thereafter removes from the apartment without payment of the stipulated rents, and the landlord retains possession of personal property of the tenant by him placed in the apartment for the non-payment of the agreed rents, is the lien provided for by Section 85.19, Fla. Stats. 1941 (FSA), su-

perior to the rights of the tenant provided for by Section 1 of Article X of the Constitution of Florida—and may a tenant in replevin obtain possession of the detained personal property from his landlord?

Section 1 of Article X of the Constitution of Florida defines a homestead as consisting of one hundred and sixty acres of land or the half of one acre within the limits of any incorporated city or town owned by the head of a family residing in the State of Florida, together with one thousand dollars worth of personal property and the improvements on the real estate, which shall be exempt from forced sale under process of any court. . . .

Section 4 of Article X provides for the alienation by a holder of a homestead by appropriate conveyance. The property exempted from forced sale as a homestead may be incumbered by mortgage executed according to law. See Smith v. Hogan, 117 Fla. 82, 157 So. 183. The head of a family may abandon the homestead. See O'Neal v. Miller, 143 Fla. 171, 196 So. 478, 129 A.L.R. 295. Whereas the head of a family erected rental property on part of the land comprising the homestead, then the homestead exemption rights were waived as to the part of the premises used for rental purposes. See McEwen v. Larson, 136 Fla. 1, 185 So. 866.

The case of Cathcart v. Turner, 18 Fla. 837, involved litigation between a landlord and tenant. The tenant contended that under Section 1 of Article IX of the Constitution of 1868 crops grown by him on the landlord's land were exempt from forced sale to satisfy the landlord's lien for rents and advancements or supplies made to the tenant with which to make the crop. We held that the title to the crops produced were subordinate to the landlord's lien created by statute. This rule was reaffirmed in Hodges v. Cooksey, 33 Fla. 715, 15 So. 549, 24 L.R.A. 812; Schofield v. Liody, 35 Fla. 1, 16 So. 780. In the Hodges case, supra, Chapter 3247, Acts of 1881, Laws of Florida, gave the landlord a lien on crops grown on the rented land for rent for the current year and for advances made for the sustenance or well being of the tenant by the landlord, and this is now the established rule in Florida.

Section 22 of Article XVI of the Florida Constitution requires that the Legislature shall provide for giving to mechanics and laborers an adequate lien on the subject matter of their labor. A lien is a charge upon property for the payment of a debt or duty. Marshall v. C. S. Young Construction Co., 94 Fla. 11, 113 So. 565. A statutory lien is as binding as a mortgage and has the capacity to hold land so long as the statute preserves its force. See Pasco v. Harley, 73 Fla. 819, 75 So. 30.

Section 85.19, Fla. Stats. 1941, was enacted by the 1927 Session of the Florida Legislature. See Section 1 of Chapter 12080, Acts of 1927. It creates or establishes a statutory lien in favor of any person operating a hotel, apartment house, rooming house, boarding house or tenement house where rooms or apartments are let for hire or rental. The statutory lien by the terms of the Act shall exist on *all* property, including trunks, baggage, jewelry and wearing apparel, guns, sporting goods, furniture and furnishings and all other property of any person which property is brought or placed in any room or apartment of any hotel, apartment house, lodging house, rooming house, boarding house or tenement house where such person shall occupy such room or apartment as a tenant, lessee, boarder, roomer or guest . . . and said (statutory) lien shall continue and be in full force and effect for the amount payable for such occupancy until the same shall have been fully paid and discharged.

Section 86.02, Fla. Stats. 1941, provides a remedy for the enforcement of the statutory lien provided for in Section 85.19, *supra,* by a retention of possession for a period of not exceeding three months of the property upon which the lien has attached by the person entitled to such lien, if he were in such possession at the time the lien attached.

Section 85.27, Fla. Stats. 1941, provides for the release of property from any lien by the owner or lienee filing a bond with the clerk of the circuit court with two good and sufficient sureties, approvable by the clerk and payable to the person claiming the lien in double the sum claimed. Section 85.20, Fla. Stats. 1941, makes it unlawful for a person to remove any property upon which a lien has accrued from an apart-

ment house, hotel, or boarding . . . without making full payment of the amount due or without the written consent of the person conducting or operating the said hotel, apartment, etc. This Section makes the removal a misdemeanor punishable by fine or imprisonment.

The case of Pillans & Smith Co. v. Lowe, 117 Fla. 249, 157 So. 649, was a landlord and tenant suit. Lowe rented described property from Hampton for a period of one year for the sum of $35.00 per month. Lowe paid the first month's rent and moved into the property. Prior to the expiration of the first month Lowe executed to Pillans & Smith Company a chattel mortgage covering personal property of Lowe, which property, was then on the leased premises, together with certain other property, to secure the payment of the indebtedness. Lowe defaulted in payment of monthly rentals to Hampton and the chattel mortgage to Pillans & Smith Company.

Section 5420, C.G.L., provided that every person to whom rent may be due was given a lien for such rent upon the property found upon or off the leased premises and in the possession of another and upon all the property usually kept on the premises. The question decided was that the lien for rent on the property found on the premises was superior to the lien of the chattel mortgage covering the same property. We held the lien for rent was superior to the lien of the chattel mortgage acquired subsequent to bringing the mortgaged property on the leased premises. See Baer v. G.M.A. Corp., 101 Fla. 913, 132 So. 817; Johnson v. Winn & Lovett Grocery Co., 126 Fla. 454, 171 So. 297.

Generally a landlord's lien for the payment of rent is superior to any judgment or other lien acquired subsequent to the creation of tenancy or the bringing of property on the rented premises. This lien is not dependent on levy of distress warrant, nor does its existence depend on filing or recording, or institution of any proceedings for its enforcement, but it has priority over judgment, execution or attachment lien subsequently acquired on the property. See Lovett v. Lee, 141 Fla. 395, 193 So. 538.

The tenant, Mr. Calhoun, placed the property involved in

this suit on the rented premises which he entered with his family in August and continued there until November, 1942, without payment of the monthly rentals. The tenant was bound, when entering the property, by the several provisions of Section 85.19, *supra,* as effectively as if reduced to writing and by him signed. The tenant was silent as to the superiority of his claim for homestead exemption over the landlord's lien when entering and continuing his occupancy of the apartment. The exemption claim was asserted less than three months after his removal from the premises, and it is to the financial interest of the tenant to annul the landlord's lien under Section 1 of Article X, *supra.* The acts and deeds of the tenant as appears in the case at bar clearly establish a waiver or an abandonment by him of his claim for homestead exemption. We have, from time to time, liberally construed Section 1 of Article X of the Florida Constitution in behalf of the family, but its beneficient provisions, in a court of justice, cannot be permitted or allowed to be used in such a manner as here contended as an instrument of fraud or oppression or to accomplish dishonest objectives. See 28 Am. Jur. 627, par. 127; 32 Am. Jur. 476-7, par. 590; 14 R.C.L. 534-40, par. 37; Tomson v. Lerner, 37 N. M. 546, 25 Pac. (2nd) 209, 96 A.L.R. 246; Ex Parte Barnes, 84 Ala. 540, 4 So. 769, 35 C.J.S. 121-2, par. 87; Thorn v. Whitbeck, 32 N.Y.S. 1088; Swan v. Bournes, 47 Ia. 501, 29 Am. Rep. 492.

For the aforesaid reasons I therefore concur in the conclusions reached and expressed in the majority opinion as prepared by Mr. Justice BROWN.

ADAMS, J., dissenting:

The judgment sustained by the Court's opinion, quashes the judgment of the circuit court although the opinion does not conclude the question decided by the circuit court and argued on petition for certiorari in this Court.

As stated by the Chief Justice in his concurring opinion, the real question is whether the lien is superior to the constitutional exemption. This lien is provided for under Chapter 85, Laws of Florida, 1941. Chapter 86 provides remedies for enforcement of the statutory lien accruing under Chapter 85.

Sec. 86.09, F.S. '41, F.S.A., provides: "The courts of this State shall always be open to hear and determine causes arising under this law."

This is, undoubtedly, a cause arising under this law. Both parties have presented their contentions in a bona fide case in the county court. The county court so treated it and gave judgment thereon. On appeal the circuit court treated it as a cause and gave judgment in keeping with the issues and the several arguments and contentions of the parties. It seems to the writer that the opinion accompanying the judgment of this Court leaves considerable doubt as to whether the rights of lien holders are superior to the claim of exemption. There is also doubt as to what may be done when the articles have been detained for a period of ninety days.

This writer is of the opinion that the judgment of the circuit court was correct. There are two kinds of liens. One pursuant to contract; the other pursuant to law. The latter may be subdivided into several kinds but for the purpose of this opinion we may limit the discussion to two classes of statutory liens: first, those created pursuant to a mandate of the Constitution and second, those created without a constitutional mandate. The former are those created pursuant to Section 22, Article XVI of the Florida Constitution. The one we are concerned with in this case falls under the latter class; that is, it was not provided for by the constitutional mandate. Now it would seem logical that, as to those liens created pursuant to constitutional mandate, they would prevail as against a constitutional exemption; whereas, those depending entirely upon legislative authority could never rise to the dignity of a constitutional exemption. If this is not true, then the Legislature, by creating liens, might eliminate the benefits of constitutional exemption.

As to the contention of waiver, we have long ago held that the head of a family could not waive his exemption rights by signing a note reciting that he was waiving all constitutional homestead rights. It seems, therefore, we could not say that a waiver could be made by less formality.

BUFORD, J., concurs.