ANDREWS, CHARLES O., Jr., Associate Judge.
This is an interlocutory appeal by Mc-Kesson & Robbins, Inc., Intervenor in the trial court, of a post-judgment order vacating a stay of Alias Writ of Execution.
On July 17, 1962 the plaintiff, Taft Street Chopping Center, Inc., instituted distress proceedings against Silver Drugs of Brow-ard County, Inc. to recover $1680 rent due for November and December of 1961 and January of 1962. A bond was filed as required by F.S.A. § 83.12 in the amount of $3720. On July 28, 1962 levy was made upon the contents of Silver Drug’s drugstore located in the Taft Street Shopping Center.
McKesson & Robbins, Inc. in a separate action obtained a Writ of Attachment on August 7, 1962 on all the goods and assets of Silver Drug’s drugstore, and obtained a judgment on August 30, 1962 against Silver Drugs in the amount of $9,920.30. Execution was issued and sale of the goods seized under the said Writ was set for October 10, 1962. Silver Drugs filed a motion to stay the sale and to dissolve the Writ of Attachment on August 9, 1962, which was denied on October 10, 1962.
The property of Silver Drugs was sold subject to all prior liens, and was purchased by McKesson & Robbins, Inc. for $2,500.00. $11.45 was retained by the sheriff as costs, and the balance of $2488.55 was held to satisfy the distress for rent claim of Taft Street Shopping Center.
Thereafter, Silver Drugs filed its answer to the distress suit. Taft Street Shopping Center filed a motion for summary judgment, and a hearing on the motion was set for November 13, 1962. On November 9, 1962 Taft Street Shopping Center filed an amended affidavit to the distress suit seeking, in addition to the amount originally claimed, unpaid rent for the months of February, March, April, May, June and July 1962, for a total amount of $4,940.00. All of these rents were due at the time Taft Street Shopping Center filed its original affidavit. No amended bond was filed to cover the amended claim. Silver Drugs answered the amended affidavit admitting everything alleged, and on November 9, 1962 a Stipulation for Entry of Judgment was filed. Final judgment was entered for $5,630.30 on November 28,1962.
A Writ of Execution was issued in the distress proceeding and was partially satisfied by payment of $2,488.55 by the sheriff. An alias writ was obtained by the landlord, Taft Street Shopping Center, which was returned nulla bona. McKesson & Robbins, Inc. filed its motion to permanently stay further proceedings under the Alias Writ of Execution in the distress suit. A temporary stay was granted. Thereafter, *212 the trial judge vacated the stay of execution.
McKesson & Robbins, Inc. has appealed said order vacating the stay of execution. The appellant contends that its attachment was valid, and the sale of the property so seized was effective and binding upon all the claimants.
The next point raised by the appellant is that no valid judgment was entered on the landlord’s distraint because the Taft Street Shopping Center failed to file an amended bond and therefore did not comply with F.S.A. § 83.11.
McKesson & Robbins, Inc. last contention is that appellee is estopped from enforcing its writ of execution on the grounds that a landlord who knowingly permits an attaching creditor’s suit to proceed to execution and sale of the goods distrained, cannot thereafter enforce recovery of a judgment against these goods for a sum in excess of the amount originally sought even though due at the time the distress affidavit was originally filed.
F.S.A. § 83.08 provides that the person to whom rent may be due shall have a lien for such rent upon the property found and usually kept upon the premises rented. This section also provides that such lien shall be superior to any lien acquired subsequent to the bringing of such property upon the leased premises. Accordingly, the lien of McKesson & Robbins by virtue of its judgment is subject to the claim for rent due Taft Street Shopping Center. Lovett v. Lee, 141 Fla. 395, 193 So. 538; Howard v. Calhoun, 155 Fla. 689, 21 So.2d 361 at page 364.
 The fact that Taft Street Shopping Center claimed in its distress suit only a part of the rent due is immaterial. All property of the Silver Drug upon the premises was subject to the rent lien of Taft Street Shopping Center even though it took action to enforce a portion of its lien. Lovett v. Lee, supra. The fact that bond was not filed covering the rent due in addition to the amount claimed in the distress proceeding is also immaterial in that F.S.A. § 83.11 required the posting of bond payable to the defendant, in this case Silver Drug, and it alone can object to such failure. This it has not done.
Affirmed.
SHANNON, Acting C. J., and MORROW, RUSSELL O., Associate Judge, concur.