The Chief Justice
delivered the opinion of the court.
The bill alleges that Appellant sold to Pickett a number of oxen, and took, to secure the purchase money, a promissory note, which note not being paid at maturity, was put in judgment against Pickett, and execution thereon issued to the sheriff, who levied upon some of the identical oxeq, whereupon Pickett makes a claim that the oxen are exempt from levy and sale, notifies the sheriff, and the sheriff is about to take measures to inventory and appraise the property to the end that Pickett may make a claim of exemption. Complainant claims that the judgment being for the purchase money, the property cannot be claimed as exempt, as he has. a specific lien upon it therefor, under the Constitution and laws, and prays that an injunction may be granted restraining proceedings under the claim of exemption and from releasing the oxen from the levy. Defendant moved to dismiss the bill which was granted, and the bill was dismissed, whereupon complainant appealed.
Counsel argue and submit the question whether, under the constitutional provisions in respect to exemptions, the seller of personal property has not a right to assume that the purchaser cannot claim exemption of goods from sale for the purchase money. But this is not a bill to foreclose a specific lien, as for purehasé money, and therefore the question cannot arise here for determination.
*158 We have heretofore held, and upon further consideration must still hold, that a court of chancery has no jurisdiction of a bill to enjoin parties from making a claim of exemption of personal property, levied upon under a fi. fa. or attachment. It is a question of the right of possession of the property. If the sheriff, after appraisement and selection, still holds and refuses to deliver it to the defendant in execution, the defendant may sue for it, or its value, and thus try the question. If the sheriff surrenders it he is liable to the plaintiff in .execution, unless the property is lawfully exempt. The appraisement and selection of property claimed to be exempt does not determine the question of its liability to levy and sale. The jurisdiction of chancery has been denied in the following cases: Haynes vs. McGehee, 17, Fla., 159; Bryan vs. Long, 14 Fla., 366; Phillips vs. Chrichton, 17 Fla., (decided at the present term,) and the principle is considered in Finnegan vs. City of Fernandina, 15 Fla., 379.
The decree dismissing the bill is affirmed.