Eliza McDougall et al., Appellants, vs. Elizabeth A. Brokaw, Executrix, Appellee.

1. The heirs of a deceased person are entitled by the Constitution, (Art. IX, sec. 3,) to the same right of exemption of property which belonged to the deceased at the time of his death from forced sale, as the deceased had in his lifetime.

2. A fund on which a claimant had originally no equitable or other right, may be substituted for another fund which was subject to his claim, when the latter fund has been sold or otherwise disposed of for the benefit or relief of the former.

3. But this principle cannot be enforced to the extent of divesting prior equitable liens of third persons upon the fund sought to be substituted.

Appeal from the Circuit Court for Leon county.

The facts of the case are stated in the opinion.

*R. W. Williams* for Appellants.

*R. B. Hilton* and *D. W. Gwynn* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court:

Eliza McDougall, and Eliza B. McDougall, Mary Mc-Dougall and John McDougall, heirs at law of Perez B. Brokaw, filed their bill in the Circuit Court of Leon county against Elizabeth A. Brokaw, executrix of said Perez B. Brokaw, deceased. They allege that said Perez B. Brokaw died in the year 1875; that at the time of his death he was the owner and in possession of about five thousand dollars worth of personal property, consisting of stock, horses, mules, cattle, vehicles, furniture, &c., &c.; that defendant, Elizabeth A. Brokaw, qualified as the executrix of said Perez B. Brokaw in August, 1875, and took possession of said personal property; that by virtue of section 1, Art. IX, Constitution of Florida, complainants, as heirs at law of Perez B. Brokaw, were entitled to one thousand dollars worth of said property as exempt from the debts of said Perez B. Brokaw; that said executrix took possession of and sold said personal property and appropriated the proceeds thereof to the payment of debts of the estate; that said executrix has disposed of all the personal property of which said Brokaw died possessed, and all the real estate, except a tract of land which is heavily mortgaged, and a lot (No. 13) in the north addition to the city of Tallahassee.

The bill further alleges that the executrix had advertised to sell said lot for the purpose of paying debts of the estate of P. B. Brokaw, and that the defendant, Elizabeth A. Brokaw, is insolvent. The bill prays for an injunction to restrain said sale, and that said lot should be sold by order of the Circuit Court and the proceeds of said sale be paid to complainants. There was a demurrer to the bill which the court sustained. The only error assigned is the sustaining the demurrer to the bill.

In Carter's Administrators vs. Carter, 20 Fla., 558, this

court decided that when personal property, which the heir is entitled to as exempt, by virtue of sec. 1, Art IX, Florida Constitution, is sold or converted into funds by the administrator of the deceased, the heirs entitled to such exemption may claim the value of such personal property, so far as the limit of the exemption goes, out of funds in the hands of the administrator, and that the heirs are entitled to the same right of exemption that the ancestor had in his lifetime. In view of this decision there can be no doubt that the heirs of Perez B. Brokaw were entitled to one thousand dollars worth of the personal property of which he died possessed. This property, the bill alleges, was sold by the executrix and the proceeds applied to the payment of debts of the estate. The property which they claimed having been beneficially applied in interest of the estate, and the personal property having been all disposed of, they ask, in effect, that real estate belonging to the testator, and which remains unadministered, may be substituted in lieu of the personal property, and that their claim may be satisfied out of such real estate. If the contest was between the heirs of Brokaw and his executrix alone, and there was no conflicting right in the remaining creditors of Brokaw, we should, in pursuance of a well known principle—that a fund in which claimant had originally no equitable or other right, may be substituted for another fund which was subject to his claim, when the latter fund has been sold or otherwise disposed of for the benefit or relief of the former—hold that the complainants in this case were entitled to the relief prayed.

In Carter vs. Carter, *supra*, the funds were still in the hands of the administrator undistributed. In this case the funds arising from the sale of the property claimed by the complainants have been appropriated to the payment of debts of the estate.

There is no fund in her hands to which the unpaid creditors of Brokaw have not a superior right to have applied to the payment of their debts.

There are only two pieces of property left, a tract of land in the country, which is heavily mortgaged, and a lot in the city of Tallahassee.   This lot, the bill prays, may be sold and the proceeds applied to the payment of their claim.   As we said above, if there were no conflicting rights, the prayer would be just and equitable, but the bill says that the executrix is endeavoring to sell this real estate for the *payment of debts of the estate.*   We are bound to presume, although the names or the number of them, or the amounts due them, are not disclosed in the bill, that there are other creditors of the intestate, whose debts have not been paid, and who have a lien on the remaining real estate of the testator for their payment.   When we come to consider which one of these opposing rights is most entitled to be satisfied from the remaining real estate of the testator, we think it clear that the right of the creditor is superior to the equity of the complainants.

Upon the death of the testator, leaving real estate, the creditor had an undoubted right to the payment of his debt from the proceeds of said real estate.   That right having vested in him, he could not be divested of it except by payment of his debt or by his own act.   There is nothing in the bill to show any divestiture.   Before the heirs can claim a substitution of this fund for the one on which they had a claim, they must show that there were no persons having a prior lien thereon, or must show some conclusively equitable reason for divesting such lien.

To deprive them of their lien on this remaining property of the testator, withdraw this fund from the assets of the estate, substitute it for that portion of the estate which be-

longed to the complainants and appropriate it solely to the payment of complainant's claim, would be a palpable injustice to these creditors.

The facts disclosed by the bill under the prayer for general relief might entitle the complainants to be subrogated to the rights of those creditors whose debts were discharged by the fund which they claim, if the remaining unpaid creditors had been made parties to the bill, but this principle has never been carried so far as to authorize a decree against one who was not sought to be charged by the allegations of the bill or was not a party thereto. Thomason vs. Smithson, 7 Porter, 144.

There was no error in sustaining the demurrer, and the judgment of the Circut Court is affirmed, but without prejudice.