## Staunton.

### KENNERLY v. SWARTZ & SON.

#### SEPTEMBER 22d, 1887.

1. HOMESTEAD—*Judgment—Priority.*—Where one who becomes a house-holder or head of a family *after* a judgment lien has fastened on his land, is not entitled to a homestead exemption in the land paramount to that lien until its discharge.   Code 1873, ch. 183, § 5.

2. CHANCERY PRACTICE—*Renting—Sale.*—Where, after renting of land has been decreed at a previous term, it appears that the rents will not, in five years, pay the liens, the decree may be set aside and a sale be decreed, an account of liens having first been taken.

Appeal from decrees of circuit court of Clarke county, pronounced, respectively, May 15 and May 20, 1885, in the creditors' cause of David Meade and others, complainants, against J. F. Kennerly and others, defendants.   The decree being adverse to the defendants, they obtained an appeal and *supersedeas.*   Opinion states the case.

*A. R. Pendleton,* for the appellant.

*Harrison & Byrd,* for the appellees.

LEWIS, P., delivered the opinion of the court.

This was a suit to subject the real estate of the defend-ant, J. F. Kennerly, the appellant here, to the satisfaction of judgment liens thereon.   The bond upon which the

appellees' judgment was obtained was executed in February, 1870. The judgment itself was obtained in September, 1871, and constitutes a lien on the real estate of the appellant, which is an undivided one-fifth interest in a certain tract of land situate in the said county. At the time the judgment was obtained, the appellant was not married, nor was he a householder or the head of a family, as that term has been construed by this court. *Calhoun* v. *Williams*, 32 Gratt. 18. Several years thereafter he married, and in 1879, after his marriage, he made and caused to be recorded a deed whereby he set apart as his homestead exemption his interest in the said tract of land. And the principal question is, whether or not his claim to a homestead exemption in the land is paramount to the lien of the appellees' judgment. The circuit court held that it is not, and we think correctly.

The lien had become fastened on the land before the appellant acquired the right to the benefit of the homestead law at all. It was a vested right, and could not be suspended or impaired by the subsequent *status* of the appellant as a householder, and his consequent rights as such. It was *a security*, within the meaning of the constitution, which provides that the claim of homestead shall not be good as against any mortgage, deed of trust, pledge, or other security on the property in which the claim is asserted. And therefore it is paramount to the appellant's claim, although he has the privilege of holding the land free of the lien upon paying or discharging it. Code 1873, ch. 183, § 5.

It is very clear that if the appellant were now dead his widow would not be entitled to dower in the land, except in subordination to the lien of the judgment, and the claim of homestead stands upon no better footing. Thomp. on Homesteads, § 317, and cases cited.

The point made in the petition for appeal that the judg-

ment is barred, because no steps were taken to enforce it within ten years after its rendition, is not supported by the record. On the contrary, it appears that an execution issued on the judgment within a year, and was duly returned "no property." The case is, therefore, not within the decision of this court in *Hutcheson* v. *Grubbs*, 80 Va. 251.

Objection is also made to the decree of sale, on the ground that a decree had been previously entered directing the land to be rented. This is true. But it appearing to the court, after the last-mentioned decree had been entered, that the rents and profits of the land would not pay in five years all the liens proven before the commissioner, the decree was very properly set aside, and an order of sale entered in its stead—the liens on the land, and their respective priorities, having been first ascertained.

DECREE AFFIRMED.