JOHN, PASCO, AS RECEIVER OF JEFFERSON COUNTY STATE BANK, *Appellant,* v. JAMIS T. HARLEY, AND R. L. KILPATRICK AS SHERIFF, ETC., *Appellees.*

Opinion Filed April 3, 1917.

Petition for Rehearing Denied May 5, 1917.

1.   Organic and statutory provisions relating to homestead exemptions should be liberally construed in the interest of the fam-

ily home. But the law should not be so applied as to make it an instrument of fraud or imposition upon creditors.

2. The provisions of the homestead laws should be carried out in the liberal and beneficent spirit in which they were enacted, but at the same time great care should be taken to prevent them from becoming the instruments of fraud.

3. An execution issued on a judgment, called a writ of *fieri facias,* is a lien upon the personal property of the defendant in execution from the time such writ shall be delivered to the sheriff.

4. A statutory lien is as binding as a mortgage and has the same capacity to hold land, so long as the statute preserves its force.

5. The right conferred by the Homestead Article of the State Constitution is to "exemptions" of the stated property from forced sales and from liens, and the right may accrue after the property is acquired, by the owner becoming "the head of a family residing in this State."

6. Where judgment and execution liens upon a debtor's property are obtained by a creditor in enforcing payment of the debtor's promissory notes at a time when the debtor was not the head of a family and consequently not entitled to homestead exemptions, the debtor upon subsequently becoming the head of a family by marriage, is not entitled to homestead exemptions in the property on which the statutory judgment and execution liens already exist, to the exclusion of the pre-existing liens.

7. The Constitution forbids judgment and execution liens only on "exempted property," and the property of a person who is not the head of a family is not "exempted property" under the Constitution.

8. The mere change of the status of the owner of the property to that of "the head of a family," does not destroy then existing judgment and execution liens of a *bona fide* creditor for value any more than such change of status would destroy a mortgage lien or an interest in the property that had previously passed to another.

9. The exemptions "from forced sale under process of any court," of certain homestead property *"owned* by the head of a family residing in this State," have reference to the beneficial interests as *owned* by the head of a family in the specified classes of property.

10. The Constitution does not contemplate that the exemptions allowed shall extend to any title, right or interest in property that it not *owned* by the head of a family residing in this State.

Appeal from Circuit Court for Jefferson County; E. C. Love, Judge.

Decree reversed.

*Theo. T. Turnbull, B. J. Hamrick,* and *Chas. E. Davis,* for Appellant;

*T. L. Clarke* and *S. D. Clarke,* for Appellees.

Whitfield, J.—The bill of complaint herein alleges in effect that on November 15, 1915, the receiver of the bank obtained a judgment against James T. Harley for $5,032.24 principal and interest, and $250.00 attorney fees on promissory notes given by Harley to the bank; that on December 1, 1915, execution issued on the judgment and was levied on the real and personal property of the defendant Harley; that the property was advertised to be sold on January 3, 1916; that on December 24, 1915, Harley delivered to the sheriff an affidavit that he is the head of a family and resides on a portion of the land levied upon and claimed his homestead exemption therein; that on December 28, 1915, the defendant Harley filed with the sheriff what purported to be a true and correct inventory of his personal property and claimed an ex-

emption of $1,000.00 of such personal property; that when the action was instituted against Harley a writ of attachment was sued out and placed in the hands of the sheriff on June 27, 1915, and all the property both real and personal of the defendant Harley was attached and levied upon by the sheriff on January 28, 1915; that a notice of attachment in proper form was filed in the office of the Clerk of the Circuit Court on January 28, 1915, and recorded; that the defendant James T. Harley was unmarried and was not the head of a family at the time of the rendition of the judgment against him on November 15, 1915, and at the time of the levy of the execution on December 1, 1915, and was married on December 15, 1915; that the defendant Harley is not entitled to the exemptions; that if such exemptions are allowed the collection of the debt will be defeated; that the sheriff was proceeding to set apart the homestead exemptions as claimed. A restraining order was issued against Harley and the sheriff. Subsequently a demurrer to the bill of complaint was sustained, and the complainant not desiring to amend, the bill was dismissed.

On an appeal taken by the complainant the question to be determined is whether the right to homestead exemptions is superior to or subject to the liens impressed upon the property by the rendition of the judgment and the levy of the execution issued thereon before the acquisition of the right to homestead exemptions in the property.

The constitution provides that: "A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate,

shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article." Sec. 1, Art. X, Constitution of 1885.

Provision is made by statute for setting apart homestead exemptions when improperly levied upon. Sec. 2520 *et seq.* Gen. Stats. of 1906; Chap. 6927 Acts of 1915; Christopher v. Bowden, Sheriff, 17 Fla. 603; McMichael v. Grady, 34 Fla. 219, 15 South. Rep. 765; McMichael v. Eckman, 26 Fla. 43, 7 South. Rep. 365.

Organic and statutory provisions relating to homestead exemptions should be liberally construed in the interest of the family home. But the law should not be so applied as to make it an instrument of fraud or imposition upon creditors. Milton v. Milton, 63 Fla. 533, 58 South. Rep. 718.

The provisions of the homestead laws should be carried out in the liberal and beneficent spirit in which they were enacted, but at the same time great care should be taken to prevent them from becoming the instruments of fraud. Drucker v. Rosenstein, 19 Fla. 191; Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 South. Rep. 440.

Section 1600 General Statutes, 1906, provides that: "Every judgment at law (and decree in equity) which

shall be entered in any of the circuit courts of this State shall create a lien and be binding upon the real estate of the defendant in the county where rendered." Florida Compiled Laws, 1914; Union Bank v. Heirs of Powell, 3 Fla. 175; McClellan v. Solomon, 23 Fla. 437, 2 South. Rep. 825; Moseley v. Edwards, 2 Fla. 429; Curry v. Lehman, 55 Fla. 847, 47 South. Rep. 18.

An execution issued on a judgment, called a writ of *fieri facias,* is a lien upon the personal property of the defendant in execution from the time such writ shall be delivered to the sheriff. Love v. Williams, 4 Fla. 126; Kimball v. Jenkins, 11 Fla. 111, text 123.

A statutory lien is as binding as a mortgage and has the same capacity to hold land, so long as the statute preserves its force. Rankin v. Scott, 12 Wheat. (U. S.) 177. There can be no difference in principle between a mortgage and a statutory lien. The one is as binding as the other. Andrews v. Doe ex dem. Wilkes, 6 How. (Miss.) 554, text 568; Moseley v. Edwards, 2 Fla. 429, text 439; Kimball v. Jenkins, *supra.*

Section 1 of Article X of the Constitution confers a right that stated property "owned by the head of a family residing in this State" "shall be exempt from forced sale under process of any court" and from the lien of any "judgment or decree or execution" except "for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same." The right thus conferred is to "exemptions" of property from forced sales and liens. Under section 2 of the Article the "exemptions" "shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specifed in" section one.

The "exemptions" "inure to the widow and heirs of the party entitled to such exemption," along with the property as it may be divided under the statutes regulating the devolution of property. Palmer v. Palmer, 47 Fla. 200, 35 South. Rep. 983; Godwin v. King, 31 Fla. 525, 13 South. Rep. 108; Carter v. Carter, 20 Fla. 558; McDougall v. Brokaw, 22 Fla. 98; Miller v. Finegan, 26 Fla. 29, 7 South. Rep. 140; Hinson v. Booth, 39 Fla. 333, 22 South. Rep. 687. The "exemptions" "inure" to adult and to non-resident heirs as well as to minor and to resident heirs. Miller v. Finegan, 26 Fla. 29, 7 South. Rep. 140; Scull v. Beatty, 27 Fla. 426, 9 South. Rep. 4; DeCottes v. Clarkson, 43 Fla. 1, 29 South. Rep. 442; Porter v. Teate, 17 Fla. 813; Alexander v. Kilpatrick, 14 Fla. 450. The "exemptions" allowed do not attach to real estate that is not occupied as the home of the family. Solary v. Hewlett, 18 Fla. 756; Drucker v. Rosenstein, 19 Fla. 191; McDougall v. Meginniss, 21 Fla. 362; Matthew v. Jeacle, 61 Fla. 686, 55 South. Rep. 865. As to who may be the head of a family: Miller v. Finegan, 26 Fla. 29, 7 South. Rep. 140; DeCottes v. Clarkson, 43 Fla. 1, 29 South. Rep. 442; Caro v. Caro, 45 Fla. 203, 34 South. Rep. 309; Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 South. Rep. 440; Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155. As to the property in which homestead exemptions may exist: See Oliver v. Snowden, 18 Fla. 823; Brandies v. Perry, 39 Fla. 172, 22 South. Rep. 268; Smith v. Guckenheimer, 42 Fla. 1, 27 South. Rep. 900; Milton v. Milton, 63 Fla. 533, 58 South. Rep. 718; Armour v. Hulvey, decided this term.

The right to the "exemptions" may accrue after the property is acquired, by the owner becoming "the head of a family residing in this State." The right to the "exemptions" may be lost after it accrues by the owner ceas-

ing to be "the head of a family residing in this State." Matthew v. Jeacle, 61 Fla. 686, 55 South. Rep. 865; Herrin v. Brown, 44 Fla. 782, 33 South. Rep. 522; Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155. Or as to real estate by its abandonment as the home of the family. Barclay v. Robertson, 67 Fla. 416, 65 South. Rep. 546; Murphy v. Farquhar, 39 Fla. 350, 22 South. Rep. 681; McGregor v. Kellum, 50 Fla. 581, text 589, 39 South. Rep. 697.

A right to the "exemptions" may be relinquished by "the holder of a homestead" by a "morgtage duly executed by himself or herself, and by husband and wife, if such relation exists." Patterson v. Taylor, 15 Fla. 336; Walker v. Redding, 40 Fla. 124, 23 South. Rep. 565; Hart v. Sanderson, 18 Fla. 103; Shear v. Robinson, 18 Fla. 379. And the "homestead so exempted" may be alienated "by deed or mortgage duly executed." Sec. 4, Art. X. A conveyance or mortgage of the homestead real estate by the husband alone when he has a wife, is void. Thomas v. Craft, 55 Fla. 842, 46 South. Rep. 594; High v. Jasper Mfg. Co., 57 Fla. 437, 49 South. Rep. 156.

The homestead real estate may be devised "if the holder be without" children. Sec. 4, Art. X; Caro v. Caro, 45 Fla. 203, 34 South. Rep. 309. But since the enactment of Chapter 4730, Acts of 1899, the homestead real estate cannot be devised if there is a wife of the holder of the homestead. Thomas v. Williamson, 51 Fla. 332, 40 South. Rep. 831; Saxon v. Rawls, 51 Fla. 555, 41 South. Rep. 594. A devise of homestead real estate where there are children, is void. Griffith v. Griffith, 59 Fla. 512, 52 South. Rep. 609.

Prior to Chapter 4730 "the holder of a homestead" if without children could devise the homestead real estate subject to the dower rights of the widow if there be one.

Purnell v. Reed alias Purnell, 32 Fla. 339, 13 South. Rep. 874. The owner of exempt personal property may dispose of it by transfer or by will. Hinson v. Booth, 39 Fla. 333, 22 South. Rep. 687. Homestead "exemptions" do not exist as against a judgment obtained or a conveyance made before the exemption was provided for by law. Alexander v. Kilpatrick, 14 Fla. 450; Matthews v. Jeacle, 61 Fla. 686, 55 South. Rep. 865.

The Constitution in Section 4 Article X recognizes the right to place a mortgage lien upon "exempted property," and a judicial sale to enforce the mortgage is not a "forced sale" forbidden by the Constitution. Patterson v. Taylor, 15 Fla. 336; Hart v. Sanderson, 18 Fla. 103.

Where, as in this case, judgment and execution liens upon a debtor's property are obtained by a creditor in enforcing payment of the debtor's promissory notes at a time when the debtor was not the head of a family and consequently not entitled to homestead exemptions, the debtor upon subsequently becoming the head of a family by marriage, is not entitled to homestead exemptions in the property on which the statutory judgment and execution liens already exist, to the exclusion of the pre-existing liens. The Constitution forbids judgment and execution liens only on "exempted property," and the property of a person who is not the head of a family is not "exempted property" under the Constitution. The liens having attached when the property was not exempt, the mere change of the status of the owner of the property to that of "the head of a family," does not destroy the judgment and execution liens of a *bona fide* creditor for value any more than such change of status would destroy a mortgage lien or an interest in the property that had previously passed to another. The exemptions "from forced

sale under process of any court," of certain homestead property *"owned* by the head of a family residing in this State," have reference to the beneficial interests as *owned* by the head of a family in the specified classes of property. Of course the right of exemption would not apply to the exclusion of any interest in the property not *owned* by the head of a family. Likewise the right of exemption will not apply to the exclusion of judgment and execution liens that affect the title and beneficial interest of the owner in the property. The Constitution does not contemplate that the exemptions allowed shall extend to any title, right or interest in property that is not *owned* by the head of a family residing in this State. To the extent that the defendant Harley has any right, title or interest in the property to which his homestead exemptions extend, he may assert his right; but the right of exemption is no greater than his title and interest in the property. Such right of exemption does not exclude or destroy or suspend the operation and effect of valid judgment and execution liens obtained in the enforcement of a debt of the owner and impressed by law upon the property prior to the time when the owner by his marriage acquired the status of the head of a family.

The "forced sale" forbidden by the Constitution is of "exempted property," and not of property that was subject to the vested rights of others at the time the right accrued to the claimant of a homestead exemption.

It is generally held that homestead exemptions cannot be enforced as against valid liens which have attached to the premises before they are impressed with the homestead character, whether such liens are obtained by contract or by operation of law. 15 Am. & Eng. Ency. Law, (2nd ed.) 617; 13 R. C. L. p. 615.

The judgment and execution liens constitute an inter-

est in the property; and such interest was not *owned* by Harley when he became the head of a family entitled to homestead exemptions.   Only the interest in the property that is "owned by the head of a family residing in this State" shall be "exempt from forced sale."   See Porter v. Teate, 17 Fla. 813; Platt v. Platt, 50 Fla. 594, 39 South. Rep. 536; Cathcart v. Turner, 18 Fla. 837; Hodges v. Cooksey, 33 Fla. 715, 15 South. Rep. 549. There may be homestead exemptions in the equity of redemption in mortgage property.   See 21 Cyc. 509; 15 Am. & Eng. Ency. Law, 563; Hinson v. Adrain, 92 N. C. 121; Fellows v. Dow, 58 N. H. 21; State *ex rel.* Sligo Iron Store Co. v. Mason, 88 Mo. 222.

As the loans may have been made to Harley on the faith of his property not then subject to homestead exemptions, and as judgment and execution liens in enforcing a collection of the loans were by the statute put upon the property before he acquired the status of "the head of a family," it would be an imposition on the creditor bank and deprive it of a vested right to permit the debtor to avoid the payment of the loans made to him, by entering into the marriage relation and on so doing to exempt to him property on which liens existed prior to the marriage. This would be unjust liberality to homestead claimants and an imposition on creditors not contemplated or permitted by the quoted organic provision.

In Milton v. Milton, 63 Fla. 533, 58 South. Rep. 718, the judgment lien had not attached to the lands of the debtor's ancestor, and as his indebtedness was not contracted with reference to his ancestor's property, he was permitted to claim exemptions in lands he entered upon with his family and occupied as one of the ancestor's heirs soon after the ancestor's death and before the lands were divided among the co-parceners.   Under these

circumstances there was no fraud or imposition on the creditor. The cases cited in the Milton case supported the decision made and it was not necessary there to allude to the differences that in fact existed in the cases, or what results such differences would cause under other circumstances. In so far as the decision in the Milton case may conflict with this decision the Milton case is disapproved. In support of the holding here made that a homestead exemption is subject to judgment and execution liens that are impressed by statute upon the property at a time prior to the accrual of the right to the exemption, see Northwest Thresher Co. v. McCarroll, 30 Okla. 25, 118 Pac. Rep. 352, 27 Ann. Cas. 1145, and cases there cited; Ellis v. J. Freyhan & Co., 124 La. 53, 49 South. Rep. 975; Richardson v. Adler, Goldman & Co., 46 Ark. 43; First Nat. Bank of Hays City v. Vest, 187 Ill. 389, 58 N. E. Rep. 229; Kennerly v. Swartz, 83 Va. 704; 3 S. E. Rep. 348; Aldrich v. Boice, 56 Kan. 170, 42 Pac. Rep. 695; 21 Cyc. 513.

The sale of property pursuant to judgment and execution liens obtained prior to the acquisition of a right to homestead exemptions in the property, is not a "forced sale" of "exempted property" forbidden by the Constitution.

The decree is reversed.

BROWNE, C. J. and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.

PER CURIAM.—The holding that the judgment and execution liens of the creditor of the homestead claimant constitute an interest in the debtor's property, is not contrary to previous decisions. In Jordan v. Sayre, 29 Fla. 100, 10 South. Rep. 823, cited in the petition for rehear-

ing it is said that the mortgagee's *"interest* is simply a lien for the security of the debt," &c. The word *interest* as used does not mean title. It denotes a beneficial property right in the land. A statutory lien obtained in the enforcement of a debt is a beneficial property right. And if such a right exists with reference to property before and at the time homestead exemption rights accrue, such pre-existing beneficial right is not displaced by the subsequently acquired homestead exemption rights; but the exemption rights attach to the property subject to the enforcement of the pre-existing lien rights. Such rights may be enforced by an involuntary sale of the property in which the rights exist. Homestead exemption rights attach to the property; and upon the discharge of the liens the exemptions are effective. No questions of fraud are involved here. While the homestead exemption provisions of the constitution should be liberally applied to carry out their manifest purpose, they were not intended to be so applied as to permit an injustice to be done. The purpose of the organic provisions is to secure homestead exemptions where they properly attach under the law and not to deprive lien holders of their vested rights in property to which the homestead exemptions may afterwards be extended. After exemption rights attach there can be a contract lien but not a judgment lien. The exceptions provided for are not involved here. In the Milton case the evidence warranted a finding by the Chancellor that the property was the exempt homestead of the ancestor; and that the son at his ancestor's death intended to make his portion of the estate his homestead; and though he did not occupy it with his family for several weeks after the death of the ancestor, the homestead exemption right attached at least concurrently with the right of inheritance and the judgment lien on the inherited prop-

erty, thus giving the homestead right precedence. The Chancellor decreed for the homestead exemption claimant and the evidence did not require a reversal of the decree. Rehearing denied.