## LYON v. ARNOLD et al.
### No. 6081.

Circuit Court of Appeals, Fifth Circuit.
Jan. 17, 1931.

Charles J. Van Fleet, of St. Petersburg, Fla. (Van Fleet, Collins & Miller, of St. Petersburg, Fla., on the brief), for appellant.

John D. Harris and Harvey L. McGlothlin, both of St. Petersburg, Fla., for appellees.

Before FOSTER and WALKER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from an order of the District Court in Bankruptcy affirming an order of the referee, which denied the bankrupt's homestead exemption in certain lands described in the order of the referee.

The facts, so far as necessary to be stated, are as follows: The appellant (the bankrupt) filed a voluntary petition in bankruptcy at Tampa, Fla., in the Southern District of Florida, on November 29, 1929. On November 23, 1926, the bankrupt, being the owner of the property now claimed as a homestead, joined by his wife, conveyed it to J. George Young and Nina M. Young, his wife. On the same date, Young and his wife conveyed the same property to Alfred C. Krayer and Pauline L. Krayer, his wife. By a decree of the chancery court of Pinellas county, Fla., rendered May 10, 1929, in a suit brought by John B. Green (who later assigned his interest to William Crawford), William Crawford, and Robert Arnold, as complainants, and the appellant and others as defendants, the foregoing deeds from the appellant and wife to Young and wife, and from Young and wife to Krayer and wife, were set aside as fraudulent as to the complainants, and the complainants adjudged to have a lien on the real estate therein conveyed on account of their judgments against appellant. The judgments were obtained on June 17, 1927, and October 6, 1928, respectively, and amounted to $21,528.50 together. On October 29, 1929, the sheriff of Pinellas county, Fla., levied an execution upon the property now claimed as a homestead by appellant to satisfy one of such judgments.

On November 25, 1929, the appellant first occupied the premises, now claimed by him as a homestead, as a residence.

The question presented by the appeal is whether the appellant under the foregoing statement of facts has a right to claim a homestead exemption under section 1 of article 10 of the Constitution of Florida, free and clear of any lien of the judgments obtained by appellees.

Section 4488 of the Compiled General Laws of the State of Florida 1927 provides that:

"Every judgment at law (and decree in equity) which shall be entered in any of the circuit courts of this State shall create a lien and be binding upon the real estate of the defendant in the county where rendered."

The case of Union Bank v. Heirs of Powell, 3 Fla. 175, 52 Am. Dec. 367, supports the statute. The lien of the judgments dated back to the time of their rendition in 1927, and was declared again by the chancery decree in May, 1929. The lien by actual levy was created in October, 1929. Up to that time appellant had not had occupancy of the premises as his residence. Such occupancy was first taken by him on November 25, 1929. The status of the premises as a homestead did not exist until occupancy was begun by appellant. Solary v. Hewlett, 18 Fla. 756; Oliver v. Snowden, 18 Fla. 823, 43 Am. Rep. 338; Brandies v. Perry, 39 Fla. 172, 22 So. 268, 63 Am. St. Rep. 164. If under the Florida law the prior existence of the judgment and execution liens prevails against the subsequent acquisition of a homestead right, then the order of the District Court was right. Liens were created by the judgments in 1927; by the decree of the chancery court setting aside the fraudulent conveyances in May, 1929, and by the levy of execution in October, 1929, all antedating the first occupancy of appellant of the real estate now claimed as his homestead, which was not until November 25, 1929.

We think the case of Pasco v. Harley, 73 Fla. 819, 75 So. 30, 32, so holds. In that case the Supreme Court of Florida said:

"A statutory lien is as binding as a mortgage, and has the same capacity to hold land, so long as the statute preserves its force. * * *

"Where, as in this case, judgment and execution liens upon a debtor's property are obtained by a creditor in enforcing payment of the debtor's promissory notes at a time when the debtor was not the head of a family and consequently not entitled to homestead exemptions, the debtor upon subsequently becoming the head of a family by marriage is not entitled to homestead exemptions in the property on which the statutory judgment and execution liens already exist, to the exclusion of the pre-existing liens. The Constitution forbids judgment and execution liens only on 'exempted property,' and the property of a person who is not the head of a family is not 'exempted property' under the Constitution. The liens having attached when the property was not exempt, the mere change of the status of the owner of the property to that of 'the head of a family' does not destroy the judgment and execution liens of a bona fide creditor for value any more than such change of status would destroy a mortgage lien or an interest in the property that had previously passed to another."

Of the case of Milton v. Milton, 63 Fla. 533, 58 So. 718, relied upon by appellant, the Supreme Court of Florida said:

"The cases cited in the Milton Case supported the decision made, and it was not necessary there to allude to the differences that in fact existed in the cases, or what results such differences would cause under other circumstances. In so far as the decision in the Milton Case may conflict with this decision the Milton Case is disapproved."

The decision in the case of Pasco v. Harley, supra, is controlling on the appeal, and we do not find it necessary to determine whether in Florida a bankrupt can claim homestead exemption in lands he had previously conveyed to others in fraud of creditors, and the title to which was not in him when the petition in bankruptcy was filed.

The order of the District Court confirming the order of the referee disallowing appellant's claim to homestead exemption is affirmed.