**In re PORTER.**

**No. 4167.**

District Court, S. D. Florida, Jacksonville Division.

May 22, 1933.

H. L. Anderson, of Jacksonville, Fla., for petitioner.

Baker & Baker and Martin Sack, all of Jacksonville, Fla., for trustee.

STRUM, District Judge.

D. E. Porter, having been adjudged bankrupt, moved the referee for an order requiring the trustee to set aside to him a homestead exemption consisting of real and personal property as secured by the Florida Constitution, art. 10, § 1. The referee denied the motion, with leave to renew the same if and when the bankrupt paid off certain liens upon said property, hereinafter mentioned.

The bankrupt married on October 23, 1930, and moved upon the real property here involved, and adopted the same as his residence, in December, 1930.

On April 19, 1930, the bankrupt conveyed to third parties the real and personal property now claimed as exempt. Prior to October 23, 1930, when the bankrupt became the head of a family, certain of his creditors had instituted a creditors' suit in the circuit court of St. Johns county, Fla., asserting that said conveyances were fraudulent, and praying that the conveyances be set aside. This creditors' suit was brought, under the rule prevailing in Florida, after the institution of suits at law by creditors, but prior to judgment. In November, 1930, all these creditors secured judgments at law. The petition in bankruptcy was filed in December, 1930.

The creditors prevailed in the creditors' suit aforesaid, and a decree was therein rendered that the conveyances aforesaid "be set aside and vacated, and declared null and void and no effect whatever as against plaintiff," and that the judgments above mentioned are valid, outstanding, and subsisting liens upon the property in question. Soon after the institution of the creditors' suit, a receiver was appointed therein who took charge of the property here involved, and other property involved in the creditors' suit.

■ The general rule is that the filing of a creditors' suit and service of process creates a lien upon the debtors' equitable assets. It constitutes, in effect, an equitable attachment. See cases cited in Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122.

■ This creditors' suit having been commenced prior to October 23, 1930, and the lien created thereby having attached to the property now in question prior to the time the bankrupt became entitled to a homestead, the bankrupt must now take a homestead in this property cum onere.

The subsequent change of status of the owner in becoming the head of a family does not affect the pre-existing lien. Pasco v. Harley, 73 Fla. 819, 75 So. 30; First Nat'l Bank v. Peel (Fla.) 145 So. 177. In these circumstances, what the bankrupt really acquires as exempt property is the equity therein over and above the pre-existing lien. Lyon v. Arnold (C. C. A.) 46 F.(2d) 451.

■ The Bankruptcy Act § 67f (11 USCA § 107 (f), provides generally that liens obtained through legal proceedings against a person who is insolvent and within four months prior to the filing of a petition in bankruptcy shall be deemed null and void, "unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid." On June 28, 1932, which was prior to the filing of the bankrupt's motion to set aside to him a homestead, this court upon due notice entered an order in the bankruptcy proceedings subrogating the trustee herein to the rights of the plaintiffs in the creditors' suit, and directing the trustee to preserve and enforce the lien of said creditors' suit for the benefit of the estate.

The lien of the creditors' suit, being obtained within four months of the filing of petition in bankruptcy, may be void as against other creditors. But such lien should not be held void as against the bankrupt with respect to exempt property, title to which will not pass to the trustee. Such lien is a valuable asset of the estate, and should be preserved for the benefit of the creditors, in view of the fact that, when the bankrupt became entitled to a homestead exemption, the property claimed as exempt was already burdened with the pre-existing lien created by the creditors' suit. The bankrupt, as against his creditors, is not entitled to have the property divested of the burden of such lien under section 67f of the Bankruptcy Act. The bankrupt having acquired the right to a homestead subsequent to the creation of the lien upon the property claimed, and having therefore acquired only the right to exempt the equity in the property over and above the pre-existing lien, it follows that if such lien be now enforced for the benefit of the creditors the bankrupt will not be deprived of any exemption granted to him by the Constitution or laws of Florida. The pre-existing lien established by the creditors' suit was valid as against the bankrupt, and could have been enforced against the property here in question, although as to all other debts the homestead would be exempt. Pasco v. Harley, 73 Fla. 819, 75 So. 30; Hemsell v. Rabb (C. C.

A.-5) 29 F.(2d) 914, in which C., B. & Q. R. R. Co. v. Hall, 229 U. S. 511, 33 S. Ct. 885, 57 L. Ed. 1306, strongly relied upon by the bankrupt here, is discussed and distinguished.

The Supreme Court of Florida has repeatedly said that, while the homestead laws should be carried out in the liberal and beneficent spirit in which they were enacted, "at the same time great care should be taken to prevent them from becoming the instruments of fraud" or oppression against the creditors. Gulf Refining Co. v. Ankeny, 102 Fla. 151, 135 So. 521, 523.

While the bankrupt is entitled to have the property in question set aside to him as a homestead under the Florida Constitution, it can only be set aside to him subject to and burdened with the lien established by the creditors' suit, to which the trustee herein has heretofore been subrogated, and the trustee should preserve and enforce said lien for the benefit of creditors.

The cause will be remanded to the referce, with directions to enter such an order.