76 So.2d 792 (1954)
Lucille SLATCOFF, Appellant,
v.
Max DEZEN, Reliance Life Insurance Company of Pittsburgh, Pennsylvania and Lincoln National Life Insurance Co. of Ft. Wayne, Indiana, Appellees.
Supreme Court of Florida. En Banc.
November 19, 1954.
Rehearing Denied January 20, 1955.
*793 Ginsberg & Pelle, Miami, for appellant.
Englander & Hoffman, Miami Beach, and Dixon, DeJarnette & Bradford, Miami, for appellees.
HOBSON, Justice.
In an earlier aspect of this case, we denied certiorari upon the ground that the order sought to be reviewed was a final judgment and hence appealable only. See Slatcoff v. Dezen, Fla., 72 So.2d 800. The present appeal was perfected along with the petition for certiorari. The final judgment, which is now properly before us, dissolves a writ of garnishment, thus terminating proceedings whereby the appellant, Lucille Slatcoff, sought to enforce a judgment against the cash surrender value of certain insurance policies issued by the appellees Reliance Life Insurance Company of Pittsburgh, Pennsylvania, and Lincoln National Life Insurance Company of Fort Wayne, Indiana, upon the life of the appellee Max Dezen, the judgment debtor.
The appellant contends that the cash surrender value of a life insurance policy purchased solely to defraud a creditor is subject to garnishment by the creditor sought to be defrauded. However that may be, the question is not presented here, for the only suggestion of fraud is contained in appellant's unsworn motion for leave to amend her petition, which was filed after the final order was entered and was never ruled upon by the court below.
Appellant next calls our attention to F.S. § 222.14, F.S.A., which reads as follows:
"The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the State of Florida, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured, unless the insurance policy was effected for the benefit of such creditor."
Concededly, the insurance policies with which we are here concerned were not "effected for the benefit of" the appellant judgment creditor, and the statute therefore covers the type of property sought to be reached. But appellant urges that Section 222.14 should not be construed to exempt from process the cash surrender value of policies such as these, which were "issued" before the debtor became a resident of this state. Otherwise, it is argued, a judgment debtor in a foreign state could immediately place all of his assets beyond the reach of his creditor or creditors by investing in life insurance and moving to Florida. This argument comes at least very close to assuming fraud, which, as we have stated, has not been made to appear in this case. It is universally held that the exemption laws were "designed for the honest debtor", 22 Am.Jur., Exemptions, Section 140, and we stated long ago that the provisions of our exemption statutes, while they must be liberally construed, should not be so applied as to become an instrument of fraud upon creditors, Pasco v. Harley, 73 Fla. 819, 75 So. 30. But we must assume that the debtor is honest unless and until the contrary is established.
*794 Appellant concentrates throughout upon the interest of debtor and creditor exclusively. What she overlooks is the interest of the State in its exemption laws, to the end that owners of exempt property and their families shall not be reduced to absolute destitution, thus becoming a charge upon the public. See Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353 and Carter's Adm'rs v. Carter, 20 Fla. 558, 51 Am.Rep. 618. It does not matter that the insurance policies here in suit were acquired while the debtor was a resident of another state. The interest of the State of Florida under its exemption laws does not arise until the exempt property is sought to be subjected to legal process, and when such attempt was made in the case before us, the debtor was a citizen and resident of Florida. We cannot accept the restrictive interpretation of Section 222.14 urged upon us by the appellant herein.
Finally, appellant contends that Section 222.14 should be stricken down as offensive to Section 4, Declaration of Rights of the Florida Constitution, which guarantees that a remedy shall be provided for every injury, and was intended to codify the familiar maxim, "ubi jus, ibi remedium", Holland v. Mayes, 155 Fla. 129, 19 So.2d 709. We have held that the word "injury" as used in this section implies the doing of some act which constitutes an invasion of legal rights under statute or common law. Cason v. Baskin, 155 Fla. 198, 20 So.2d 243, 168 A.L.R. 430. The main ground of unconstitutionality raised in the instant case is the claim that the creditor is without remedy in that she cannot reach exempt property. To state this argument is to refute it. If we were to accept it, we would destroy exemption entirely. The further suggestion that the statute is subject to abuse for failing to provide a ceiling on the amount of cash surrender value exempted we also find to be without merit, because the amount which the debtor invests in insurance is a factor to be considered as relevant to, although not in itself conclusive of, the issue of fraud. And proof of fraud operates as a permanent brake upon the misuse of the exemption laws. Finally, the appellant herein, although she cannot reach the exempt property, is not of necessity left without recourse, since, if she keeps her judgment alive, she can by proper proceedings levy execution upon whatever non-exempt property may come into the hands of the debtor.
The judgment appealed from must be, and it is hereby, affirmed, with directions to dissolve the temporary restraining order which is still outstanding against the appellee Max Dezen.
ROBERTS, C.J., and TERRELL, THOMAS, SEBRING, MATHEWS and DREW, JJ., concur.