In re ALL AMERICAN HOLDING
CORP., Debtor.

William TROY, Plaintiff,

v.

ALL AMERICAN HOLDING
CORP., Defendant.

Bankruptcy No. 80–01278–BKC–TCB.
Adv. No. 81–0536–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

Dec. 21, 1981.

Paul G. Hyman, Jr., Miami, for defendant.

Steven M. Siegfried, Miami, Fla., for plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

A judgment creditor seeks a determination that the transfer on February 27, 1980, by the debtor to City National Bank of Miami of real property in Broward County, the Fort Lauderdale Beach Club, was fraudulent. Plaintiff also seeks a determination that as between it and the debtor:

> "Plaintiff should be found to have a secured claim against the property...". (C.P.No. 17).

The debtor has answered. (C.P.No. 18). The matter was tried on December 17.

Plaintiff acknowledges that the conveyance to City National Bank was duly recorded in Broward County before judgment was entered in plaintiff's favor and against the debtor on April 3, 1980 and before that judgment was recorded in Broward County, April 23, 1980. City National Bank is not a party to this adversary proceeding. Under these circumstances, this court cannot and will not undertake any determination whether the conveyance by the debtor to the bank was fraudulent.

Plaintiff's judgment was entered and recorded before this debtor's pending bankruptcy proceeding was filed on September

30, 1980. These two events also occurred after an earlier bankruptcy proceeding involving this same debtor, Case No. 79–1109, had been dismissed on February 29, 1980. Therefore, the automatic stay resulting from the pendency of a bankruptcy proceeding neither prohibited nor nullified the entry of plaintiff's judgment or its subsequent recordation.

The debtor does not dispute its indebtedness to the plaintiff nor does it question the judgment or its recordation. It is the debtor's position that when the judgment was recorded, on April 23, 1980, title to the real property in question had already been conveyed of record to City National on February 27, 1980, and that a judgment lien attachs only to a legal interest as distinct from an equitable interest. Therefore, the debtor argues, the plaintiff never acquired and does not now have any lien against the Broward property.

It is the plaintiff's contention that the conveyance to City National was in trust and that the sole beneficiary of that trust is the debtor and that the entire equitable ownership of the property is in the debtor. The debtor concedes this contention. Plaintiff argues further that it filed a creditor's bill in August, 1980, one month before the present bankruptcy proceeding, and that fact creates a lien on the debtor's equitable assets.

 The recordation of the judgment, in and of itself, could not and did not impress any lien against the real property, the title to which was no longer in the debtor. However, a judgment creditor in Florida may seek in equity any equitable interest, including a trust interest, of his debtor in either land or personal property to which legal title is held by someone else. *Little v. Saffer*, Fla.1933, 148 So. 573; 13 *Fla.Jur.2d*, Creditors' Rights, § 291. Furthermore, the filing of a creditors' suit with service of process creates a lien on the equitable assets of the debtor. The lien is not dependent on the creditor's obtaining an injunction or the appointment of a receiver. It attachs with the commencement of the equitable action. The lien is valid as against third parties. *In re Porter*, D.C.Fla.1933, 3 F.Supp. 582; 13 *Fla.Jur.2d* Creditors' Rights, § 308. It follows, that plaintiff's only lien in connection with the Broward property is his lien against the debtor's equitable interest acquired during the month preceding bankruptcy. The existence and extent of that equitable interest, conceded by the debtor, has not been established insofar as the holder of the legal title is concerned.

I have assumed a critical fact, that service of process in the creditor's bill was effected before bankruptcy. That fact is not in the record before me. The argument of the parties appears to presuppose that fact and the error of my assumption, if it be an error, could readily be rectified on rehearing.

A final comment should be made. The lien obtained by this plaintiff against the debtor's equitable interest in this property could conceivably be voided as a preference under 11 U.S.C. § 547(b). *Robinson v. Tischler*, Fla.1915, 67 So. 565; 13 *Fla.Jur.2d*, Creditors' Rights § 308.

As is required by B.R. 921(a), a separate judgment will be entered in accordance herewith if and when it is established that plaintiff effected service of process on his creditor's bill and the date of that service can be determined.

Costs will be taxed on motion.