786 So.2d 1 (2000)
STATE FARM LIFE INSURANCE COMPANY, a foreign corporation, and State Farm Fire & Casualty Company, a foreign corporation, Appellants,
v.
FLORIDA ASSET FINANCING CORPORATION and David Rash, Appellees.
No. 4D99-2373.
District Court of Appeal of Florida, Fourth District.
June 28, 2000.
Stuart B. Yanofsky of Russo Appellate Firm, P.A., Miami, for appellant.
Peter B. Weintraub of Weintraub & Weintraub, P.A., Deerfield Beach, for Appellee-Florida Asset Financing Corporation.
DELL, J.
State Farm Life Insurance Company and State Farm Fire and Casualty Company ("State Farm") appeal a final summary judgment and final judgment of garnishment in favor of Florida Asset Financing Corporation ("Florida Asset"). We affirm.
David Rash entered into a structured settlement agreement of his personal injury claim against State Farm Fire and Casualty Company and its insureds. Mr. Rash executed a release that set forth the terms of the structured settlement. The release required State Farm Fire and Casualty Company to pay Mr. Rash the sum of $600.00 each month for life, not to exceed *2 360 months. State Farm Fire and Casualty Company elected to fund the settlement by purchasing an annuity from State Farm Life Insurance Company. The annuity guaranteed Mr. Rash 360 monthly payments of $600.00 with the first payment due December 15, 1985, and the final payment due November 15, 2015.
Sometime after the settlement, Mr. Rash was incarcerated on unrelated charges. In order to obtain funds to retain an attorney to prosecute an appeal and/or post-conviction relief on his behalf, Mr. Rash approached a broker "for the purposes of attempting to locate a person or company that would be willing to pay [him] money as an advance on future annuity payments due under the State Farm Life Insurance Company's Annuity policy." Florida Asset agreed to purchase Mr. Rash's "rights to certain payments" for the sum of $27,928.85. Under the terms of the purchase contract, Florida Asset purchased "one hundred and twenty (120) monthly payments [of $600.00 each] commencing December 15, 1998 and ending on November 15, 2008 together with an additional eighty-four payments of $600.00 each from December 15, 2008 though November 15, 2015 serving as additional security for [the] transaction." Mr. Rash expressly waived "any and all exemption rights from garnishment," agreed to execute any other documents to effectuate the intent and purpose of the agreement, and consented to the entry of a judgment against him personally.
Thereafter, Florida Asset sued Mr. Rash. Mr. Rash admitted the allegations in the complaint, waived all statutory exemptions, including exemptions for annuities, consented to the writ of garnishment, and asked the trial court to enter judgment in Florida Asset's favor. The trial court entered an "Agreed Final Judgment" in favor of Florida Asset and against Mr. Rash, and a final judgment of garnishment in favor of Florida Asset and against State Farm Life Insurance Company.
After Florida Asset served State Farm Life Insurance Company with the writ of garnishment, State Farm filed a declaratory judgment action and moved to have the writ of garnishment dissolved. The trial court dismissed State Farm's declaratory relief action, granted Florida Asset's motion for summary judgment, and entered a separate final judgment of garnishment in favor of Florida Asset for $72,000 (120 monthly payments commencing December 15, 1998 and continuing through and including November 15, 2008), secured by eighty-four monthly payments commencing December 15, 2008 and continuing through and including November 15, 2015.
State Farm contends that Mr. Rash's assignment of payments to Florida Asset was invalid because it was contrary to the terms of the annuity contract. The annuity contract provides that "[o]nly the owner [State Farm Fire and Casualty Company] may assign rights under this policy." It further states, under the heading, "Change in Beneficiary," that "[w]ith the consent of the Owner, the Payee [Mr. Rash] may make a change by sending State Farm Life a request." Mr. Rash was not a signatory to the annuity contract. Only State Farm Fire and Casualty Company and State Farm Life Insurance Company were signatories.
State Farm maintains that by executing the settlement release Mr. Rash expressly acknowledged that he was bound by the terms of the annuity contract. However, the plain language of the release does not support this argument. The release states:
It is specifically understood and agreed that all future payments described hereinabove may, at the option and sole discretion of the parties released, *3 be funded by the purchase of an annuity from State Farm Life Insurance Company which, by its terms, will provide for payment of the above amounts. The party giving this release shall have no legal interest or control, vested or contingent, in such annuity. (emphasis added).
The release does not mandate that the settlement will be funded by an annuity from State Farm Life Insurance Company or that Mr. Rash is bound by the annuity's terms. In fact, it expressly excludes Mr. Rash from having any interest or control over the policy. Further, the release does not prohibit Mr. Rash from assigning the right to receive payments under the structured settlement. See In re Berghman, 235 B.R. 683, 691 (Bankr.M.D.Fla.1999); see also In re Freeman, 232 B.R. 497, 502 (Bankr.M.D.Fla.1999)("It is generally recognized that the right to receive monies due or to become due under an existing contract may be assigned."). Instead, the wording of the release actually contemplates the possibility of an assignment. On four occasions, the release specifically states that it is binding on Mr. Rash and his "heirs, executors, administrators, legal representatives and assigns."
[W]here a contract is simply silent as to a particular matter, that is, its language neither expressly nor by reasonable implication indicates that the parties intended to contract with respect to the matter, the court should not, under the guise of construction, impose contractual rights and duties on the parties which they themselves omitted.
Gulf Cities Gas Corp. v. Tangelo Park Serv. Co., 253 So.2d 744, 748 (Fla. 4th DCA 1971). Given the express language of the release, we reject State Farm's argument that by signing the release Mr. Rash agreed to be bound by the terms and conditions of the annuity policy.
Next, State Farm contends that the trial court erred in granting Florida Asset the right to garnish Mr. Rash's future annuity proceeds because section 222.14, Florida Statutes (1997), exempts such proceeds from garnishment. We agree that section 222.14 provides for such an exemption. However, Mr. Rash, "with the advice of independent counsel," voluntarily and expressly waived his right to claim the exemption and does not now raise the defense on appeal. Furthermore, under the explicit terms of the release and the annuity contract, it is evident that Mr. Rash is the person for whom the annuity was purchased, i.e. the beneficiary of the annuity contract within the meaning of the statute. See In re Benedict, 88 B.R. 390, 393 (Bankr.M.D.Fla.1988), see also § 222.14, Fla. Stat. (1997). He is the one who was injured and the "only person who needs the protection of the statute." See Benedict, 88 B.R. at 393; see also Slatcoff v. Dezen, 76 So.2d 792, 793 (Fla.1954). While we conclude that State Farm had standing to challenge the writ of garnishment, we reject State Farm's contention that it had standing to assert the statutory exemption on Mr. Rash's behalf.
Finally, State Farm contends that the final judgments in favor of Florida Asset violate public policy in favor of structured settlements because they permit Mr. Rash to sell his future annuity payments for a "severely discounted lump sum payment." We decline to set aside the assignment because Mr. Rash may have made a poor financial decision to sell his future annuity payments for a "severely discounted lump sum payment." See Berghman, 235 B.R. at 686 n. 3 & 693(refusing to set aside an assignment of annuity payments, even though the court concluded that the debtor made a poor financial decision to sell his payments to support a gambling problem).
*4 Accordingly, we affirm the final summary judgment in favor of Florida Asset and David Rash and the final judgment of garnishment against State Farm Life Insurance Company.
AFFIRMED.
STONE and STEVENSON, JJ., concur.